17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Darrell Hunt
    Petitioner

v

Warden Eric Rardin

Case: 2:25-cv-11991
Judge: Goldsmith, Mark A.
MJ: Altman, Kimberly G.
Filed: 07-01-2025 At 08:56 AM
HC DARRELL HUNT V ERIC RARDIN (LG)

EXPEDITED PETITION FOR A WRIT OF HABEAS CORPUS
UNDER 28U.S.C.§ 2241

## REASON TO GRANT EXPEDITED PETITION

If petitioner is to succeed on the merits in his motion, he is eligible for immediate release from custody. Processing this petition in the normal time frame would potentially have the petitioner stay in prison longer than his time of release.

## ADMINISTRATIVE REMEDY PROCESS

On October 24, 2024 the petitioner filed a BP-9. On 12-2-2024 the warden responed to the BP-9. Clearly the warden didn't read or understand the inmate's request. His response was that the inmate was asking for FTC credits under the First Step Act. This is inaccurate. The petitioner was only asking for days to be credited that he was in federal custody at Newaygo County Jail, form 12-17-2015 to 10-11-2016. Thats 299 days. On Jan 21, 2025 the Regional office responded to the petitioner's BP-10. Once again stating the same as the  warden's response to his BP-9. The petitioner is not asking for FTC credits under the First Step Act. Both the warden and Regional are clearly not understanding the argument the petitioner is trying to resolve. On May 29, 2025 the Central office answered the petitioner's BP-11. It stated the federal court did not state that the federal sentence should be run concurrent to any state sentence. Also the Central office contacted the federal court to get it's position on the petitioner's case and the court did not

1

state it's position and further indicated that the BOP should calculate the federal sentence under it's normal rules and policies. The office also indicated that the state had already credited the petitioner for the time the petitioner is asking to be credited. This was an assumtion. The BOP never reached out to the state to even find out what the disposition of the petitioner's state case was. Had they done that they would have known that the petitioner never received any state jail time for his parol violation. Petitioner received a 15 month extention of his parol. This can be verified by enclosed letter from Michigan Dept Of Corrections APP-5.

## WILLIS CREDITS

Pursuant to Willis v United States, 438 F.2d 928, the BOP will award sentencing credits when the following two conditions exist.

1. The non-federal and federal sentences are concurrent

2.The effective full term date of the non-federal sentence is the same or earlier than the federal sentence. If these conditions exist, the time considered for treatment as Willis credit is the time spanning the date the federal offense conduct concluded until the date the first sentence commences, whether federal or non-federal. The petitioner was transfered by the Federal Marshals to federal detention on 12-17-2015, was sentenced federally on 9-20-2016. He was not returned to the state till 10-11-2016, No one has ever credited this time of federal incarceration to the petitioner. Furthermore the BOP has no documentation staing that the state ever gave this credit to the petitioner. By the BOP not properly addressing the petitioner's BP-9, and BP-10 they have prolonged the process of remedy for this inmate.

## ENCLOSED DOCUMENTATION

**APP-1 BP-9**(Warden's misreading of inmate's request for credit days Warden denial of days based on inmate asking for FTC credits under the First Step Act)

**APP-2 BP+10**(Regional office denaial of credit days once again based on First Step Act FTC credits, Something that the inmate has never asked for)

**APP-3 BP-11 APP-4**(Central office denial of time credit but also admitting that from 12-17-2015 to 10-11-2016 the inmate was in federral custody, and that the state only reinstated the inmates state parol and no new prison time was added)

**APP-5 Mich Department Of Corresction**(Confirmation that the MDOC added 15 months parol to the inmate state case and no new prison time.)

## CONCLUSION

The petitioner wishes this honorable court to compel the FBOP to add the 299 days from 12-17-2015 to 10-11-2016, that he was in federal custody into his computation release date.

---

## DECLARATION UNDER PENALTY OF PERJURY

This petition was placed in the prison mail system ___6-20-2025___

I declare under penalty of perjury that I am the petitioner, the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution of perjury.

___June 20th, 2025___
Date

___[Darrell Hunt]___
Darrell Hunt

3

*APP-1*

*� 12-11-24*

**BP-229 RESPONSE**                         **CASE NUMBER: 1218221-F1**

Your Request for Administrative Remedy (BP-229), dated October 24, 2024, has been reviewed.  You state to be credited 299 days of Federal Time Credits from December 17, 2015, through October 11, 2016.

A review of the issue(s) you raise in your BP-229 has been conducted.  You claim that the number of Federal Time Credits that you have been awarded is inaccurate due to you not being given credit from December 17, 2015, through October 11, 2016. Procedures for implementation of 18 U.S.C. 3632 (d) (4) states "Because the ability to accrue time credits begins after the inmate's current term of incarceration begins (e.g., the date the inmate arrives at or voluntarily surrenders to their initially designated Bureau facility to serve their sentence), an inmate cannot earn FTC's during pretrial confinement, nor can they earn credits based on a prior incarceration.  Further an inmate cannot earn FTC when not in bureau custody, including when in U.S. Marshals Service custody prior to arriving at their designated facility, regardless of where they are housed, or once released to their supervised release term.

Accordingly, your Request for Administrative Remedy is denied.  In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

E Rardin, Warden

12/2/24
Date

*APP 2*

*W 3-5-05*

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

---

**Administrative Remedy Number:**  1218221-R1

---

This is in response to your Regional Administrative Remedy Appeal received December 26, 2024, in which you request to receive Federal Time Credits (FTCs) from the date your sentence began on September 3, 2021.

We have reviewed your appeal and the Warden's response dated December 2, 2024.  The First Step Act (FSA) allows eligible inmates to earn additional time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.  According to Program Statement 5410.01 <u>First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)</u> "An eligible inmate begins earning FSA Time Credits after the inmate's term of imprisonment commences (the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served)".  You began earning FTCs on January 26, 2017, the date you arrived at the Federal Correctional Institution Terre Haute, Indiana.  Your FTCs have been calculated, and 365 days of Federal Time Credit (FTC) has been appropriately applied to your sentence computation, and you have earned an additional 440 days which may be applied to pre-release consideration.  Therefore, all your FTCs have been calculated in accordance with policy and you have a current projected release date of September 17, 2028, via First Step Act Release. Accordingly, the institution's decision is supported.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.  Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_____1/21/2025_____
Date

_____
Andre Matevousian, Regional Director

*APP 3*

*(Via email to CMC)*
**Darrell Christopher Hunt**
**c/o FCI Milan**
**Federal Register No. 20051-040**
**Case No. 1:16-CR-08-01**


This is in response to your request for credit toward your federal
sentence for time spent in state custody.  Pursuant to Bureau of Prisons
(Bureau) Program Statement 5160.05, Designation of State Institution for
Service of Federal Sentence, the Bureau considers an inmate's request for
prior custody credit for time spent in state custody as a request for a
nunc pro tunc, or retroactive concurrent designation.  As required by
policy, the federal sentencing court was contacted for its position on the
concurrency of your federal sentence with your state sentence.

In Setser v. United States, 566 U.S. 231, 237 (2012), the United States
Supreme Court held that the authority to order a federal sentence
concurrent or consecutive to a yet-to-be-imposed state sentence rests with
the federal sentencing court.  Furthermore, the Court held in this case
that 18 U.S.C. § 3621(b) did not give the Bureau authority to make
independent concurrent vs. consecutive determinations.

In Dotson v. Kizziah, 966 F.3d 443, 445 (6th Cir. 2020), the Sixth Circuit
Court of Appeals further clarified that the Bureau must make a designation
decision based on its review of the factors under 18 U.S.C. § 3621(b),
when a federal district court sentences before a state that has primary
jurisdiction, and the federal Judgment in a Criminal Case is silent.  This
designation decision effectively determines when the federal sentence
commences pursuant to 18 U.S.C. § 3585(a) and therefore resolves the
question as to whether the federal and state sentences are run
concurrently or consecutively.

In your case, the pertinent factors under 18 U.S.C. § 3621(b) are (2),
(3), and (4).  Under factor (2), is your offense.  Under factor (3), is
your prior criminal history and any institution disciplinary infractions.
Under factor (4), the sentencing court was contacted for its position
regarding a retroactive designation in your case.  In response, the court
did not state its position and further indicated that the Bureau should
calculate the federal sentence under its normal rules and policies.

The Bureau has reviewed your case under the aforementioned factors and
determined that a retroactive designation was not appropriate.
If you are not satisfied with this response, you may utilize the
administrative remedy process.

**Date:**

*M. Boudreaux*    **2025.05.29**
                  **11:57:09 -05'00'**                    May 29, 2025
_____                      _____
M. Boudreaux                                             Date
Correctional Programs Specialist

cc: CMC

*APP-4*

**Administrative Remedy No. 957135-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal, wherein you allege you have not received all prior custody credit for time spent in state custody prior to the start of your federal sentence. For relief, you request credit toward your federal sentence from September 15, 2015.

A review of your record revealed you were arrested by state authorities in Michigan on September 13, 2015, for state offenses and violating the conditions of your state parole supervision. On December 17, 2015, you were temporarily transferred to federal custody pursuant to a writ for prosecution. You were sentenced in the Western District of Michigan on September 20, 2016, to a 180-month federal term of imprisonment. The respective judgment does not indicate the federal sentencing court ordered the sentence to be served concurrently with any other sentence. On October 11, 2016, you were returned to the custody of state authorities and committed to the Michigan Department of Corrections (MDOC) as a parole violator.

During a formal hearing conducted on October 14, 2016, the MDOC determined you had violated the conditions of your state parole supervision. The MDOC ultimately decided to reinstate your state parole supervision, adding no new dead time to your original state term of imprisonment. As a result, all of the time you spent in the custody of state authorities from your arrest on September 13, 2015, was credited against your state sentence. You were subsequently released by state authorities, via parole, to the exclusive custody of federal authorities on December 7, 2016. In accordance with Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and Title 18 U.S.C. § 3585(a), commencement of your federal sentence was effected when you came under the primary jurisdiction of federal authorities on December 7, 2016.

Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and Title 18 U.S.C. § 3585(b), preclude the application of credit for time that has already been credited against another sentence. Additionally, Program Statement 5880.28, Sentence Computation Manual (CCCA 1984), states in part, "Time spent under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time… The federal court merely "borrows" an individual under the provisions of the writ for the purpose of secondary custody." Therefore, none of the time you spent in the primary custody of state authorities from September 13, 2015 through December 6, 2016, is creditable

RICK SNYDER
GOVERNOR

STATE OF MICHIGAN
DEPARTMENT OF CORRECTIONS
LANSING



HEIDI WASHINGTON
DIRECTOR

Darrell Hunt, Fed.Reg.#20051-040
FCI-Terre Haute
PO Box 33
Terre Haute, IN 47808

App-5

Dear Mr. Hunt:

This letter is a response to your correspondence dated 8/03/2018. The term of your parole was from 12/07/2016-03/07/2018. You were given a 15 month parole by the Parole Board. Unfortunately your file is no longer here in Lansing, so I am unable to get you a copy of the actual order.

I trust this answers your request.

Kim Ebnit
Michigan Dept of Corrections
Interstate Compact Unit
Grandview Plaza
PO Box 30003
Lansing, MI 48909

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

Darrell Hunt
      Petitioner

    v

Warden Eric Rardin                              Case No.

## EXPEDITED PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28U.S.C.§ 2241

### REASON TO GRANT EXPEDITED PETITION

If petitioner is to succeed on the merits in his motion, he is eligible for immediate release from custody. Processing this petition in the normal time frame would potentially have the petitioner stay in prison longer than his time of release.

### ADMINISTRATIVE REMEDY PROCESS

On October 24, 2024 the petitioner filed a BP-9. On 12-2-2024 the warden responed to the BP-9. Clearly the warden didn't read or understand the inmate's request. His response was that the inmate was asking for FTC credits under the First Step Act. This is inaccurate. The petitioner was only asking for days to be credited that he was in federal custody at Newaygo County Jail, form 12-17-2015 to 10-11-2016. Thats 299 days. On Jan 21, 2025 the Regional office responded to the petitioner's BP-10. Once again stating the same as the warden's response to his BP-9. The petitioner is not asking for FTC credits under the First Step Act. Both the warden and Regional are clearly not understanding the argument the petitioner is trying to resolve. On May 29, 2025 the Central office answered the petitioner's BP-11. It stated the federal court did not state that the federal sentence should be run concurrent to any state sentence. Also the Central office contacted the federal court to get it's position on the petitioner's case and the court did not

1

state it's position and further indicated that the BOP should calculate

the federal sentence under it's normal rules and policies. The office

also  indicated that the state had already credited the petitioner

for the time the petitioner is asking to be credited. This was an

assumtion. The BOP never reached out to the state to even find out

what the disposition of the petitioner's state case was. Had they

done that they would have known that the petitioner never received

any state jail time for his parol violation. Petitioner received

a 15 month extention of his parol. This can be verified by enclosed

letter from Michigan Dept Of Corrections APP-5.

## WILLIS CREDITS

Pursuant to Willis v United States, 438 F.2d 928, the BOP will award

sentencing credits when the following two conditions exist.

1. The non-federal and federal sentences are concurrent

2.The effective full term date of the non-federal sentence is the

same or earlier than the federal sentence. If these conditions

exist, the time considered for treatment as Willis credit is the

time spanning the date the federal offense conduct concluded until

the date the first sentence commences, whether federal or non-federal.

The petitioner was transfered by the Federal Marshals to federal

detention on 12-17-2015, was sentenced federally on 9-20-2016.

He was not returned to the state till 10-11-2016, No one has ever

credited this time of federal incarceration to the petitioner.

Furthermore the BOP has no documentation staing that the state ever

gave this credit to the petitioner. By the BOP not properly addressing

the petitioner's BP-9, and BP-10 they have prolonged the process of

remedy for this inmate.

## ENCLOSED DOCUMENTATION

2

**APP-1 BP-9**(Warden's misreading of inmate's request for credit days Warden denial of days based on inmate asking for FTC credits under the First Step Act)

**APP-2 BP+10**(Regional office denaial of credit days once again based on First Step Act FTC credits, Something that the inmate has never asked for)

**APP-3 BP-11 APP-4**(Central office denial of time credit but also admitting that from 12-17-2015 to 10-11-2016 the inmate was in federral custody, and that the state only reinstated the inmates state parol and no new prison time was added)

**APP-5 Mich Department Of Corresction**(Confirmation that the MDOC added 15 months parol to the inmate state case and no new prison time.)

## CONCLUSION

The petitioner wishes this honorable court to compel the FBOP to

add the 299 days from 12-17-2015 to 10-11-2016, that he was in

federal custody into his computation release date.

---

## DECLARATION UNDER PENALTY OF PERJURY

This petition was placed in the prison mail system $\underline{6-20-2025}$

I declare under penalty of perjury that I am the petitioner, the

information in this petition is true and correct. I understand

that a false statement of a material fact may serve as the basis

for prosecution of perjury.

June 20th, 2025
_____
Date

[Darrell Hunt]
_____
Darrell Hunt

APP-1                                                    𝓲𝓸 12-11-24

**BP-229 RESPONSE**                          **CASE NUMBER: 1218221-F1**

Your Request for Administrative Remedy (BP-229), dated October 24, 2024, has been reviewed. You state to be credited 299 days of Federal Time Credits from December 17, 2015, through October 11, 2016.

A review of the issue(s) you raise in your BP-229 has been conducted. You claim that the number of Federal Time Credits that you have been awarded is inaccurate due to you not being given credit from December 17, 2015, through October 11, 2016. Procedures for implementation of 18 U.S.C. 3632 (d) (4) states "Because the ability to accrue time credits begins after the inmate's current term of incarceration begins (e.g., the date the inmate arrives at or voluntarily surrenders to their initially designated Bureau facility to serve their sentence), an inmate cannot earn FTC's during pretrial confinement, nor can they earn credits based on a prior incarceration. Further an inmate cannot earn FTC when not in bureau custody, including when in U.S. Marshals Service custody prior to arriving at their designated facility, regardless of where they are housed, or once released to their supervised release term.

Accordingly, your Request for Administrative Remedy is denied. In the event you are not satisfied with this response and wish to appeal, you may do so within 20 calendar days of the date of this response by submitting a BP-230(13) to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492.

_____               12/2/24
E. Rardin, Warden                        Date

*APP 2*

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

---

**Administrative Remedy Number:**   1218221-R1

---

This is in response to your Regional Administrative Remedy Appeal received December 26, 2024, in which you request to receive Federal Time Credits (FTCs) from the date your sentence began on September 3, 2021.

We have reviewed your appeal and the Warden's response dated December 2, 2024.   The First Step Act (FSA) allows eligible inmates to earn additional time credits for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities.   According to Program Statement 5410.01 First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) "An eligible inmate begins earning FSA Time Credits after the inmate's term of imprisonment commences (the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served)".   You began earning FTCs on January 26, 2017, the date you arrived at the Federal Correctional Institution Terre Haute, Indiana.   Your FTCs have been calculated, and 365 days of Federal Time Credit (FTC) has been appropriately applied to your sentence computation, and you have earned an additional 440 days which may be applied to pre-release consideration.   Therefore, all your FTCs have been calculated in accordance with policy and you have a current projected release date of September 17, 2028, via First Step Act Release. ·.Accordingly, the institution's decision is supported.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.   Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_____
Date

_____
Andre Matevousian, Regional Director

*APP 3*

(Via email to CMC)
**Darrell Christopher Hunt**
**c/o FCI Milan**
**Federal Register No. 20051-040**
**Case No. 1:16-CR-08-01**


This is in response to your request for credit toward your federal
sentence for time spent in state custody.  Pursuant to Bureau of Prisons
(Bureau) Program Statement 5160.05, Designation of State Institution for
Service of Federal Sentence, the Bureau considers an inmate's request for
prior custody credit for time spent in state custody as a request for a
nunc pro tunc, or retroactive concurrent designation.  As required by
policy, the federal sentencing court was contacted for its position on the
concurrency of your federal sentence with your state sentence.

In Setser v. United States, 566 U.S. 231, 237 (2012), the United States
Supreme Court held that the authority to order a federal sentence
concurrent or consecutive to a yet-to-be-imposed state sentence rests with
the federal sentencing court.  Furthermore, the Court held in this case
that 18 U.S.C. § 3621(b) did not give the Bureau authority to make
independent concurrent vs. consecutive determinations.

In Dotson v. Kizziah, 966 F.3d 443, 445 (6th Cir. 2020), the Sixth Circuit
Court of Appeals further clarified that the Bureau must make a designation
decision based on its review of the factors under 18 U.S.C. § 3621(b),
when a federal district court sentences before a state that has primary
jurisdiction, and the federal Judgment in a Criminal Case is silent.  This
designation decision effectively determines when the federal sentence
commences pursuant to 18 U.S.C. § 3585(a) and therefore resolves the
question as to whether the federal and state sentences are run
concurrently or consecutively.

In your case, the pertinent factors under 18 U.S.C. § 3621(b) are (2),
(3), and (4).  Under factor (2), is your offense.  Under factor (3), is
your prior criminal history and any institution disciplinary infractions.
Under factor (4), the sentencing court was contacted for its position
regarding a retroactive designation in your case.  In response, the court
did not state its position and further indicated that the Bureau should
calculate the federal sentence under its normal rules and policies.

The Bureau has reviewed your case under the aforementioned factors and
determined that a retroactive designation was not appropriate.
If you are not satisfied with this response, you may utilize the
administrative remedy process.

Date:

*M. Boudreaux*    2025.05.29
                  11:57:09 -05'00'                    May 29, 2025
M. Boudreaux                                          Date
Correctional Programs Specialist


cc: CMC

*APP-4*

**Administrative Remedy No. 957135-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal, wherein you allege you have not received all prior custody credit for time spent in state custody prior to the start of your federal sentence. For relief, you request credit toward your federal sentence from September 15, 2015.

A review of your record revealed you were arrested by state authorities in Michigan on September 13, 2015, for state offenses and violating the conditions of your state parole supervision. On December 17, 2015, you were temporarily transferred to federal custody pursuant to a writ for prosecution. You were sentenced in the Western District of Michigan on September 20, 2016, to a 180-month federal term of imprisonment. The respective judgment does not indicate the federal sentencing court ordered the sentence to be served concurrently with any other sentence. On October 11, 2016, you were returned to the custody of state authorities and committed to the Michigan Department of Corrections (MDOC) as a parole violator.

During a formal hearing conducted on October 14, 2016, the MDOC determined you had violated the conditions of your state parole supervision. The MDOC ultimately decided to reinstate your state parole supervision, adding no new dead time to your original state term of imprisonment. As a result, all of the time you spent in the custody of state authorities from your arrest on September 13, 2015, was credited against your state sentence. You were subsequently released by state authorities, via parole, to the exclusive custody of federal authorities on December 7, 2016. In accordance with Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and Title 18 U.S.C. § 3585(a), commencement of your federal sentence was effected when you came under the primary jurisdiction of federal authorities on December 7, 2016.

Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984), and Title 18 U.S.C. § 3585(b), preclude the application of credit for time that has already been credited against another sentence. Additionally, Program Statement 5880.28, Sentence Computation Manual (CCCA 1984), states in part, "Time spent under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time… The federal court merely "borrows" an individual under the provisions of the writ for the purpose of secondary custody." Therefore, none of the time you spent in the primary custody of state authorities from September 13, 2015 through December 6, 2016, is creditable

RICK SNYDER
GOVERNOR

STATE OF MICHIGAN
DEPARTMENT OF CORRECTIONS
LANSING

HEIDI WASHINGTON
DIRECTOR



APP-5

Darrell Hunt, Fed.Reg.#20051-040
FCI-Terre Haute
PO Box 33
Terre Haute, IN 47808

Dear Mr. Hunt:

This letter is a response to your correspondence dated 8/03/2018. The term of your parole was from 12/07/2016-03/07/2018. You were given a 15 month parole by the Parole Board. Unfortunately your file is no longer here in Lansing, so I am unable to get you a copy of the actual order.

I trust this answers your request.

Kim Ehnit
Michigan Dept of Corrections
Interstate Compact Unit
Grandview Plaza
PO Box 30003
Lansing, MI 48909

CERTIFIED MAIL

9589 0710 5270 3196 9153 77

U.S. POSTAGE PAID
FCM LG ENV
MILAN, MI 48160
JUN 26, 2025

$0.00

S2324P505163-46

Retail
48226
RDC 99

>20051-040 >
Darrell Hunt
#20051-040
Federal Correctional Institution
P.O. Box 1000, Fci-1
Butner, NC 27509
United States

U.S. MARSHALS

Office @ the Clerk
United States District Court,
He Boulevard Fifth Floor
Detroit MI 48226

RECEIVED
JUL 1 - 2
CLERKS OFFICE
DETROIT

# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| **Case No.**  25-11991 | **Judge:**  Mark A. Goldsmith | **Magistrate Judge:**  Kimberly G. Altman |

| | |
|---|---|
| **Name of 1ˢᵗ Listed Plaintiff/Petitioner:**<br><br>DARRELL HUNT | **Name of 1ˢᵗ Listed Defendant/Respondent:**<br><br> ERIC RARDIN WARDEN |
| **Inmate Number:**   20051-040 | **Additional Information:** |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:**<br><br>FCI Milan<br><br>Federal Correction Institution<br>P.O. Box 1000<br>Milan, MI 48160<br>WASHTENAW COUNTY | |

**BASIS OF JURISDICTION**
- ☐ **2 U.S. Government Defendant**
- ☒ **3 Federal Question**

**NATURE OF SUIT**
- ☒ **530 Habeas Corpus**
- ☐ **540 Mandamus**
- ☐ **550 Civil Rights**
- ☐ **555 Prison Conditions**

**ORIGIN**
- ☒ **1 Original Proceeding**
- ☐ **5 Transferred from Another District Court**
- ☐ **Other:**

**FEE STATUS**
- ☒ **IFP** *In Forma Pauperis*
- ☐ **PD Paid**

---

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ **Yes**          ☒ **No**
   ➢ **If yes, give the following information:**

            **Court:** _____

            **Case No:** _____

            **Judge:** _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ **Yes**          ☒ **No**
   ➢ **If yes, give the following information:**

            **Court:** _____

            **Case No:** _____

            **Judge:** _____