UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Darrell Hunt, #20051-040,

    Petitioner,

v.

Eric Rardin, Warden,

    Respondent.

Case No. 25-cv-11991

Honorable Mark A. Goldsmith

### Response to Petition for Writ of Habeas Corpus

For the reasons stated in the attached brief, this Court should dismiss or deny petitioner Darrell Hunt's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

*s/Sarah Alsaden*
Sarah Alsaden
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9146
sarah.alsaden@usdoj.gov

Dated: September 19, 2025

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Darrell Hunt, #20051-040,

    Petitioner,

v.

Eric Rardin, Warden,

    Respondent.

Case No. 25-cv-11991

Honorable Mark A. Goldsmith

**Brief in Support of Response to Petition for Writ of Habeas Corpus**

The Court should deny Darrell Hunt's petition for a writ of habeas corpus under 28 U.S.C. § 2241. The Bureau of Prisons has properly excluded time that Hunt received credit for on his state sentence and properly determined that a retroactive designation should not be made.

## BACKGROUND

### A. Factual History

In 2015, Hunt was on parole for a state offense case number, 13-063375-FH. (Exhibit A, Grady Decl., ¶ 11, Att. 8). In the summer of 2015, law enforcement began investigating Hunt for trafficking in cocaine and heroin. (*United States v. Hunt*, WDMI Case No. 16-cr-00008, ECF No. 1-1, PageID.3). After a traffic stop was conducted on Hunt's vehicle, investigators found cash, and approximately 100 grams

of heroin, 300 grams of cocaine, and other narcotics in Hunt's car. (*Id.* at PageID.4). Hunt was arrested on September 13, 2015, and a warrant executed at his house, resulting in the discovery of an additional 7.7 grams of cocaine. (*Id.*).

Initially, Hunt was arrested by state authorities and charged in Muskegon County. (Exhibit A, Grady Decl., ¶ 6). Those charged were dismissed, however, when the Hunt was charged federally. (*Id.* at ¶ 7–8). Hunt remained in state custody on the parole violation until he was temporarily transferred into federal custody to appear on a federal complaint pursuant to a writ on December 17, 2025. (*Id.* at ¶ 7).

On January 12, 2016, Hunt was indicted with possessing with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (ECF No. 12). Hunt pleaded guilty and was sentenced to 180 months of custody in his federal case on September 20, 2016. (Judgment, ECF No. 45). Hunt remained in federal custody on a writ from the state until October 11, 2016, when he was returned to state custody to resolve his parole violation. (*Id.* at ¶ 10).

In October 2016, Hunt's parole in his state case, 13-063375-FH, was revoked and he was ordered to serve the remainder of his state sentence (originally 20 months to 42 years) in custody. (Exhibit A, Grady Decl., ¶ 11). The state counted the date of his arrest on September 13, 2015, as the start date of the sentence. (*Id.*). Hunt remained in state custody until December 7, 2016, when he was released to a 15-month term of parole supervision. (Exhibit A, Grady Decl., ¶ 12). Hunt was turned

over to federal custody on December 7, 2016, and began serving his federal sentence. (*Id.* at ¶ 13).

In 2018, the BOP reached out to the sentencing court to inquire whether the sentencing court had a position on whether the defendant's sentence should be run concurrent or consecutive to his state sentence. (*Id.* at ¶ 15, Att. 11). The sentencing court responded that it had taken no position and indicated that the BOP should calculate the sentence under its normal procedures and policies. (*Id.* at ¶ 16, Att. 12). The BOP thus determined that the defendant was not entitled to a retroactive designation of the state facility as his place of federal incarceration, otherwise known as a nun pro tunc designation. (*Id.*).

## ARGUMENT

**A.      Hunt's petition should be denied because the BOP properly credited him for all time for which he is eligible to receive credit.**

A federal defendant has the right to receive credit for time served in official detention before his sentence begins, if that time has not been credited against another sentence. 18 U.S.C. § 3585(b). The federal sentence of a prisoner "does not begin to run when a prisoner in state custody is produced for prosecution in federal court pursuant to the federal writ of habeas corpus *ad prosequendum*." *United States v. White*, 874 F.3d 490, 507 (6th Cir. 2017) ("When a State sends a prisoner to federal authorities pursuant to such a writ, 'the prisoner is merely "on loan" to the federal authorities,' with the State retaining primary jurisdiction over the

4

prisoner."); *Bridgeman v. Bureau of Prisons*, 112 F. App'x 411, 413 (6th Cir. 2004); *Broadwater v. Sanders*, 59 F. App'x 112, 113–14 (6th Cir. 2003). A district court does not have the authority to grant credit for time served; only the Attorney General or the Bureau of Prisons do. *See United States v. Wilson*, 503 U.S. 329, 333–34 (1992); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001).

Hunt argues that he is entitled to credit for the time he was held in federal custody on a writ, between December 17, 2015, through October 11, 2016. However, Hunt's request to be credited for this time would result in impermissible double counting, since the state applied that time to his state sentence. *See* 18 U.S.C. § 3585(b); (Ex. A, Grady Decl., ¶ 11, 14, Att. 6–9). Although Hunt was brought into federal custody on a writ for much of the time, he was still in primary state custody and was credited for that time on his state sentences. *White*, 874 F.3d at 507.

In short, Hunt asks this Court to give him what is statutorily prohibited: double credit. *See Garrett v. Snyder*, 41 F. App'x 756, 757 (6th Cir. 2002) (defendant could not be credited for time spent in state custody prior to the imposition of his federal sentence because he received credit for that time on his state sentences); *see also Bridgeman*, 112 F. App'x at 412–13 (same); *Huffman v. Perez*, 230 F.3d 1358 (6th Cir. 2000) (table) (same); *DeJesus v. Zenk*, 374 F. App'x 245, 247 (3d Cir. 2010) (same). This Court should therefore deny his petition.

## B. The BOP did not abuse its discretion in finding Dixon ineligible for a retroactive designation.

There are limited exceptions to the prohibition on double credits. In appropriate cases, "the BOP may exercise its discretion to effectuate a state court order regarding concurrent sentencing by retroactively designating the state prison as a prisoner's place of federal confinement." *Ruff v. Butler*, No. 16-5565, 2017 WL 5135545, at *2 (6th Cir. June 16, 2017) (citing *Barden v. Keohane*, 921 F.2d 476, 478 (3d Cir. 1990)). This is known as a *nunc pro tunc* or *Barden* designation and it applies "when a person subject to a federal sentence is serving a state sentence." *Setser v. United States*, 566 U.S. 231, 235 (2012).

The BOP has the discretion to "designate the state prison as the place of imprisonment for the federal sentence—effectively making the two sentences concurrent—or decline to do so—effectively making them consecutive." *Id.* The BOP has issued a program statement that outlines eligibility for such a designation. (Ex. B, BOP Program Statement 5160.05). The BOP considers the factors set forth in 18 U.S.C. §3621(b) when determining whether to retroactively designate a state prison as the prisoner's place of federal confinement. *Wahid v. Williams,* No. 19-3851, 2020 WL 5412791, at *1 (6th Cir. Aug. 13, 2020).

The BOP must consider a request for *nunc pro tunc* designation, but it is under no obligation to grant the request. *Ruff,* 2017 WL 5135545, at *2. Furthermore, courts cannot grant a habeas petition merely because they would

weigh the § 3621(b) factors differently, the "writ may issue only where an error is fundamental and carries a serious potential for a miscarriage of justice." *Id.*

In this case, the BOP properly analyzed and weighed the § 3621 factors in determining that Hunt was ineligible for a retroactive designation, by considering the defendant's criminal history, his disciplinary record while in custody, the nature and circumstances of the federal and state offenses, and the resources of the facility. (Grady Decl. at ¶ 16, Att. 13). Importantly, the BOP also considered that the sentencing judge in Hunt's case did not express an intention for Hunt to be sentenced concurrently (*Id*. at ¶ 16, Att. 12). These facts reveal that the BOP did not abuse its discretion in denying a retroactive designation. *Dotson v. Kizziah*, 966 F.3d 443, 446 (6th Cir. 2020) (finding no abuse of discretion where the BOP properly consulted the federal sentencing judge and considered the other pertinent factors including the seriousness of the offenses and Dotson's criminal history).

Furthermore, a defendant cannot use the *nunc pro tunc* designation as an end run around the rules prohibiting double credit where the state and federal sentences are not run concurrently. *See Cooper v. Batts*, No. 21-5828, 2022 WL 4009862, at *3 (6th Cir. Aug. 25, 2022) (finding that BOP properly determined defendant's sentence by refusing to credit time that was served on state sentence since defendant was prohibited "from receiving 'improper double credit.'"); *DeJesus v. Zenk*, 374 F. App'x 245, 247 (3d Cir. 2010) (finding no error in BOP's decision

7

that defendant was not eligible for *nun pro tunc* designation prior to the date of his federal sentence where it was undisputed that defendant's time prior to imposition of federal sentence "was credited to his state sentence.").

In short, Hunt has received state credit for all periods of official detention before his federal sentence commenced. Moreover, the sentencing court in his federal case declined to order that his sentence should be run concurrently to his state sentence. Accordingly, Hunt's sentence computation complies with the law and BOP policy and is consistent with the understanding of the sentencing court.

## Conclusion

For the reasons stated above, Hunt's petition should be denied.

Respectfully submitted,

JEROME F. GORGON JR.
United States Attorney

*s/Sarah Alsaden*
Sarah Alsaden
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9146
sarah.alsaden@usdoj.gov

Dated: September 19, 2025

## List of Exhibits

Exhibit A: Grady Declaration and Attachments

Exhibit B: BOP Program Statement 5160.05

## Certificate of Service

I certify that on September 19, 2025, I electronically filed the Response to Petition for Writ of Habeas Corpus and Brief in Support with the Clerk of the Court using the ECF system, and that an employee of the U.S. Attorney's Office mailed a copy via the United States Postal Service to the following non-ECF participant:

Darrell Hunt #20051-040
FCI Milan
Federal Correctional Institution
P.O. Box 1000
Milan, MI  48160

/s/ Sarah Alsaden
Assistant United States Attorney