UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DARRELL HUNT,

Petitioner,

v.                                                      CASE NO.: 2:25-cv-11991-MAG-KGA

ERIC RARDIN,

Respondent.

**DECLARATION OF HEATHER GANDY**

I, Heather Gandy, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and

    information made known to me from official records reasonably relied upon by me in the

    course of my employment, hereby make the following declaration relating to the above-

    entitled matter.

1.    I have worked for the Federal Bureau of Prisons ("BOP") since May 2003.  I have

    worked in the area of inmate sentence computations since January 2006.  I have been

    employed as a Management Analyst at the BOP's Designation and Sentence

    Computation Center since March 2022.

2.    My duties include providing litigation assistance to the United States Attorney's

    Offices in cases where federal inmates challenge their sentence computations, which

    includes auditing and reviewing the sentence computations.  I have reviewed the

    sentence computation for inmate Darrell Hunt, Federal Register Number 20051-040.

3.    Petitioner challenges the execution of his sentence and requests credit toward his

    federal sentence resulting in a retroactive designation.  The credit in question is

1

December 17, 2015, through October 11, 2016, during which he was in USMS custody via writ.

4.      I have audited Petitioner's BOP sentence.  The following is a summary of my findings.[1]

5.      Petitioner is serving a 180-month sentence for Possession with Intent to Distribute Unspecified Quantities of Cocaine and Heroin in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) & § 851.  He has a projected release date of September 17, 2028, via First Step Act (FSA) release, to be followed by 6 years of supervised release.[2]

6.      On September 13, 2015, the Petitioner was arrested by Muskegon County, Michigan authorities,  for Controlled Substance-Delivery/Manufacture (Cocaine, Heroin or Another Narcotic) 50 to 449 Grams, Case No. 15-066732-FH.  A parole detainer was also lodged on this date for Controlled Substance-Delivery/ Manufacture (Narcotic or Cocaine) Less Than 50 Grams, Case No. 13-063375-FH..  The Petitioner remained in custody.[3]

7.      On December 17, 2015, the Petitioner was transferred to the temporary custody of the United States Marshals Service (USMS) via a Writ of Habeas Corpus Ad Prosequendum (writ).[4]

8.      On December 22, 2015, Muskegon County charges for Case No. 15-066732-FH, were Nolle Prossed.[5]

---

[1] Portions of the Attachments to this declaration have been redacted to protect personally identifiable information and privacy interests
[2] See Attachment 1, Public Information Inmate Data
[3] See Attachment 2, MI DOC Basic Information Sheet
[4] See Attachment 3, USMS Custody/Detention Report
[5] See Attachment 4, MI Case No. 2015-066732-FH Nolle Pros

2

9.      On September 20, 2016, while in temporary USMS custody, the Petitioner was
sentenced by the United States District Court for the Western District of Michigan to
a 180-month term of imprisonment, for Possession With Intent to Distribute
Unspecified Quantities of Cocaine and Heroin, Case No. 1:16-cr-08-01.  This
sentence was silent regarding any other sentences.[6]

10.     On October 11, 2016, the Petitioner was returned to state custody with the federal
judgment as a detainer, pending disposition of the state case.[7]

11.     On October 14, 2016, the Petitioner's parole was revoked on Case No. 13-063375-
FH.  He was ordered to serve the remainder of his 42-year term of imprisonment.  His
state sentence re-commenced on the date of his state arrest, September 13, 2015.  The
Petitioner was originally sentenced on July 30, 2013, to a term of imprisonment of
20-months up to 42-years on Case No. 13-063375-FH.  On December 9, 2014, he was
released to parole.[8]

12.     On December 7, 2016, the Petitioner satisfied his state obligation for Case No. 13-
063375-FH.  He released to a 15-month term of parole supervision, beginning
December 7, 2016, through March 7, 2018.[9]

13.     On December 7, 2016, after satisfying his state obligation, Petitioner released via
parole to the custody of the USMS, thereby entering exclusive federal custody on this
date.[10]

14.     The federal sentence was computed and audited, commencing on December 7, 2016,

---

[6] See Attachment 5, WDMI, Case No. DNCW111CR000032-001, Judgment
[7] See Attachments 3, 5, & Attachment 6, Offender Movement Report
[8] See Attachment 7, DOC Parole Violation documents; and Attachment 8, DOC Biographical Information
[9] See Attachment 8; Attachment 9, DOC Case Report; & Attachment 10, DOC letter to Petitioner
[10] See Attachments 3 & 6

3

the date he entered primary federal custody.  Petitioner did not receive any prior custody credit, as all time spent in custody was spent in service of his state sentence, Case No. 13-063375-FH.  His projected release date is September 17, 2028, via FSA Release.[11]

15. On July 27, 2018, a letter was sent to the Honorable Robert J. Jonker, Chief Judge of the U.S. District Court for the Western District of Michigan, soliciting the Court's position with respect to a retroactive designation.[12]

16. On August 6, 2018, the Designation and Sentence Computation Center was notified by the Honorable Robert J. Jonker, Chief Judge of the U.S. District Court for the Western District of Michigan, that the Court did not state its position regarding a retroactive designation, and further indicated that the BOP should calculate the federal sentence under its normal rules and policies.  Therefore, it was determined that a retroactive designation was not appropriate, and there was no change to the calculation of the federal computation.[13]

17. The BOP uses Title 18, U.S.C. § 3585(b) to determine prior custody credit on a federal sentence.  Title 18, U.S.C. § 3585(b) states in part, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences, **that has not been credited against another sentence.**" (Emphasis added) This statute precludes the award of credit if it has been credited towards another sentence.  In this case,

---

[11] See Attachment 1
[12] See Attachment 11, Letter to Judge Jonker, dated July 27, 2018
[13] See Attachment 12, Letter to BOP from Judge Jonker, dated July 31, 2018; & Attachment 13, Factors Under 18 USC 3621(b)

Petitioner returned to service of his state sentence, Case No. 13-063375-FH, on September 13, 2015, and his sentence was satisfied on December 7, 2016.  Therefore, December 17, 2015, through October 11, 2016, cannot be applied to his federal computation.[14]

18.    In addition, Program Statement 5880.28, states, "Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time.  The primary reason for "writ" custody is not the federal charge.  The federal court merely "borrows" the prisoner under the provision of the writ for secondary custody."  Petitioner spent December 17, 2015, through October 11, 2016, in the custody of the USMS via a writ, and as such, is not applicable as prior custody credit.[15]

19.    In accordance with P.S. 5880.28, and 18 U.S.C. § 3584(a), "Multiple terms of imprisonment imposed at different times run consecutive unless the court orders that the terms are to run concurrently."  The federal judgment was silent.  However, pursuant to P.S. 5160.05, a letter was sent to the federal sentencing court.  The letter solicits the position of the court regarding the retroactive designation of the state institution for the concurrent service of the federal sentence.  The federal court responded that it did not state its position regarding a retroactive designation and further indicated that the BOP should calculate the federal sentence under its normal calculation of the federal computation.  Petitioner's sentence remained calculated

---

[14] See Attachment 14, PS 5880.28, Sentence Computation Manual (CCCA of 1984), pages 1-14
[15] See Attachment 15, PS 5880.28, Sentence Computation Manual (CCCA of 1984), pages 1-20B

running consecutive to his state sentence.[16]

20.    As stated in P.S. 5160.05, <u>Designation of State Institution for Service of Federal Sentence</u>, Title 18 U.S.C. § 3621(b) is the statutory authority for the BOP to designate a state institution for service of a federal sentence.[17] *See Attachment 16*

21.    In <u>Setser v. United States</u>, 566 U.S. 231, 237 (2012), the U.S. Supreme Court held that the authority to order a federal sentence concurrent or consecutive to a yet-to-be-imposed state sentence rests with the federal sentencing court.  Furthermore, the Court held in this case that Title 18 U.S.C. § 3621(b) did not give the BOP authority to make independent concurrent versus consecutive determinations.

22.    In <u>Dotson v. Kizziah</u>, 966 F.3d 443, 445 (6th Cir. 2020), the Sixth Circuit Court of Appeals further clarified that the BOP must make a designation decision based on its review of the factors under Title 18 U.S.C. § 3621(b), when a federal district court sentences before a state that has primary jurisdiction, and the federal Judgment in a Criminal Case is silent.  This designation decision effectively determines when the federal sentence commences pursuant to Title 18 U.S.C. § 3585(a) and therefore resolves the question as to whether the federal and state sentences are run concurrently or consecutively.

23.    The BOP has reviewed Petitioner's case under the factors detailed in Title 18 U.S.C. § 3621(b), and determined that a retroactive designation was not appropriate. Therefore, the BOP has not made a retroactive designation pursuant to Title 18 U.S.C. § 3621(b).

---

[16] See Attachment 16, PS 5880.28, <u>Sentence Computation Manual (CCCA of 1984)</u>, pages 1-31
[17] See Attachment 17, PS 5160.05, <u>Designation of State Institution for Service of Federal Sentence</u>, pages 2-7

6

Executed this 10th day of September, 2025 in Grand Prairie, Texas.


_____
Heather Gandy
Management Analyst
Federal Bureau of Prisons

Attachment 1

```
 DSCFN            *       PUBLIC INFORMATION       *      08-28-2025
PAGE 001          *           INMATE DATA          *      10:15:41
                             AS OF 08-28-2025


REGNO..: 20051-040 NAME: HUNT, DARRELL CHRISTOP

                    RESP OF: MIL
                    PHONE..: 734-439-1511    FAX: 734-439-5534
                                             RACE/SEX...: BLACK / MALE
                                             AGE:  54
PROJ REL MT: GOOD CONDUCT TIME RELEASE       PAR ELIG DT: N/A
PROJ REL DT: 09-17-2029                       PAR HEAR DT:




G0002        MORE PAGES TO FOLLOW . . .
```

```
DSCFN          *        PUBLIC INFORMATION        *      08-28-2025
PAGE 002       *          INMATE DATA             *      10:15:41
                       AS OF 08-28-2025


REGNO..: 20051-040 NAME: HUNT, DARRELL CHRISTOP

                    RESP OF: MIL
                    PHONE..: 734-439-1511    FAX: 734-439-5534
FSA ELIGIBILITY STATUS IS: ELIGIBLE


THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 03-17-2028

FINAL STATUTORY RELEASE FOR INMATE.: 09-17-2029 VIA GCT REL
          WITH APPLIED FSA CREDITS.: 365  DAYS
THE INMATE IS PROJECTED FOR RELEASE: 09-17-2028 VIA FSA REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: MICHIGAN, WESTERN DISTRICT
DOCKET NUMBER...................: 1:16-CR-08-01
JUDGE...........................: JONKER
DATE SENTENCED/PROBATION IMPOSED: 09-20-2016
DATE COMMITTED..................: 01-26-2017
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


               FELONY ASSESS  MISDMNR ASSESS  FINES        COSTS
NON-COMMITTED.: $100.00        $00.00         $2,000.00    $00.00

RESTITUTION...: PROPERTY:  NO  SERVICES:  NO       AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  381     21:841 SCH II NARCOTIC

OFF/CHG: 21:841(A)(1),(B)(1)(C)&851 POSSESSION WITH INTENT TO
           DISTRIBUTE UNSPECIFIED QUANTITIES OF COCAINE AND HEROIN

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   180 MONTHS
 TERM OF SUPERVISION............:     6 YEARS
 DATE OF OFFENSE................: 09-13-2015




G0002      MORE PAGES TO FOLLOW . . .
```

```
DSCFN          *          PUBLIC INFORMATION          *          08-28-2025
PAGE 003 OF 003 *              INMATE DATA            *          10:15:41
                             AS OF 08-28-2025


REGNO..: 20051-040 NAME: HUNT, DARRELL CHRISTOP

                      RESP OF: MIL
                      PHONE..: 734-439-1511    FAX: 734-439-5534


------------------------CURRENT COMPUTATION NO: 010 -------------------------


COMPUTATION 010 WAS LAST UPDATED ON 05-06-2025 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 05-12-2025 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 12-07-2016
TOTAL TERM IN EFFECT............:   180 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:    15 YEARS
EARLIEST DATE OF OFFENSE........: 09-13-2015


TOTAL PRIOR CREDIT TIME.........: 0
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 810
TOTAL GCT EARNED................: 432
STATUTORY RELEASE DATE PROJECTED: 09-17-2029
ELDERLY OFFENDER TWO THIRDS DATE: 12-07-2026
EXPIRATION FULL TERM DATE.......: 12-06-2031
TIME SERVED.....................:     8 YEARS      8 MONTHS      22 DAYS
PERCENTAGE OF FULL TERM SERVED..:  58.1
PERCENT OF STATUTORY TERM SERVED:  68.2

PROJECTED SATISFACTION DATE.....: 09-17-2028
PROJECTED SATISFACTION METHOD...: FSA REL
     WITH FSA CREDITS INCLUDED...: 365
```

```
G0000        TRANSACTION SUCCESSFULLY COMPLETED
```

Attachment 2

MICHIGAN DEPARTMENT OF CORRECTIONS
**BASIC INFORMATION SHEET**

CSX-117
Rev 09/01

| Message: Audit completed due to implementation of OMS. *B.L. Beasley, CRS/TCU, 11/16/2016.* | Date Received 08/20/2013 |
| --- | --- |

| Client Number B-495019 | Client Name Hunt, Darrell Christopher | Commit Status R-04 | Commitment Reason New Commitment - Probationer w/ New Sentence (Rec Ctr. Only) | Curr Loc JCS |
| --- | --- | --- | --- | --- |

| FBI Number | SID Number 2214161J | SSN | Birthdate | Race B | Sex M | Height 5' 11" | Weight 258 | Hair BLK | Eyes BRN | Complexion DRK | Build MED | Marital M |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |

| Adult Jail Term 3 | Adult Prison 1 | Adult Escapes 0 | Adult Probation 2 | Sex Offense 0 | Juv. Commits 0 | Juv. Probation 0 | Juv. Escapes 0 |
| --- | --- | --- | --- | --- | --- | --- | --- |

| Religion M | Health Insurance N | Military Code H | Marks, Scars Scar, Arm, Right | | More More |
| --- | --- | --- | --- | --- | --- |

| Sentence Rec No | Docket Number | Sentencing County | Judges Name | Offense Date | Sentence Date | Jail Credit Days | Corrected Date |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 6 | 13063375-FH-F | Muskegon | Marietti | 04/11/13 | 07/30/13 | 111 | 04/10/13 |

| Sentence Rec No | Terms | Offense Description | Compiled Law | Convict By | CTN Number |
| --- | --- | --- | --- | --- | --- |
| 6 | 1y8m to 42y | Controlled Substance (Hab Crim 4th Off.) | 333.74012A4 | P | 611300235701 |

| Sentence Rec No | Calendar Date | SGT/PMI/TIS/CAL | | RGT/AMI/TIS/CAL | | SGT/PMX | | RGT/AMX | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| 6 | | TIS | 12/09/2014 | TIS | 12/09/2014 | TIS | 04/09/2055 | TIS | |

PAROLE ELIGIBILITY DATE:

## PREVIOUS SENTENCE INFORMATION

| Client Prefix | Rec No | Sentence Date | Terms | Offense Description | SGT Max Date | RGT Max Date | Term/Disch Date |
| --- | --- | --- | --- | --- | --- | --- | --- |
| A | 5 | 06/01/04 | 1y-30y | Controlled Substance, 333.74012A4 (Hab Crim 3rd Off.) | | | 04/09/10 |
| A | 4 | 06/01/04 | 1y-30y | Controlled Substance, 333.74012A4 (Hab Crim 3rd Off.) | | | 04/09/10 |
| A | 3 | 06/01/04 | 1y-10y | Weapons-Felon, 750.224F (Hab Crim 3rd Off.) | | | 04/09/10 |
| A | 2 | 06/01/04 | 2y-2y | Felony Firearms, 750.227BA (Hab Crim 3rd Off.) | | | 04/09/10 |
| A | 1 | 06/01/04 | 2y-2y | Felony Firearms, 750.227BA (Hab Crim 3rd Off.) | | | 04/09/10 |

## IN CASE OF SERIOUS ILLNESS OR INJURY CONTACT

| Relationship WIFE | Name | Address |
| --- | --- | --- |
| City & State Muskegon MI | | Telephon |

01/26/2018 15:08:26
**B-495019  Hunt, Darrell Christopher**

Page 1 of 1

DISTRIBUTION: White - Record Office, Canary - Central Office Records, Pink - Counselor, Goldenrod - Prisoner

Attachment 3

**LIMITED OFFICAL USE**
**United States Marshals Service**
*USM-129 Individual Custody/Detention Report*

**DISTRICT:** WESTERN MICHIGAN MI/W GRAND RAPIDS

**Prepared On:** 11:58 AM 12/08/2016

Save

## I. IDENTIFICATION DATA

| | | |
|---|---|---|
| **USMS NUMBER:** 20051-040 | **FID:** 09964720 | **NAME:** HUNT, DARRELL CHRISTOPHER |
| **ADDRESS:** ▉ | **PHONE:** | |
| **DOB:** ▉ | **AGE:** 45y | **POB:** TOLDEO, OH |
| **CURRENT INST:** Newaygo Co Jail | **ADMITTED:** 12-07-2016 | |

| **SEX:** M | **RACE:** B | **HAIR:** BLK | **EYE:** BRO | **HEIGHT:** 72 in | **WEIGHT:** 210lb |
|---|---|---|---|---|---|
| **SSN:** ▉ | | **FBI UCN:** 362914MA3 | | | **ALIEN NBR:** |

| OTHER NUMBER | OTHER NUMBER TYPE | ISSUE DATE | EXP DATE | REMARKS |
|---|---|---|---|---|
| NONE | | | | |

| **SPECIAL CAUTIONS AND MEDICAL | REMARKS | | SEPARATEE |
|---|---|---|---|
| NONE | | | |

| TB CLEARANCE STATUS | ASSESSMENT DATE | EXPIRED |
|---|---|---|
| CLEARED | 12-23-2015 | 12-22-2016 |

| DNA TEST DATE | TAKEN? | DEPUTY | REMARKS/KIT# |
|---|---|---|---|
| | No | | NON USMS |

| DETAINER DATE | L/R | ACTIVE | AGENCY | REMARK |
|---|---|---|---|---|
| 10-11-2016 | L | Y | EGELER CORRECTIONAL FACILITY | 180 MONTHS CONSECUTIVE TO STATE |

| PRISONER ALIAS | ALIAS REMARK |
|---|---|
| NONE | |

| GENERAL REMARKS |
|---|
| 01/13/2016 IPTC/ARR B4 GREEN,DETAINED;C-7PK |
| 01/08/16 LOCAL MUSKEGON CHARGES NOLLE'D |
| 12/21/15 PRELIM/DET HRG B4 GREEN DETAINED; C-7PK |
| 09/20/2016 180 MONTHS CBOP, 6 YRS SR, $2000 FINE, $100 SA; CUSTODY NEWAYGO |
| 04/22/2016 MOTION HRG TO SUPPRESS DENIED B4 JONKER;CUSTODY NEWAYGO |
| 08/12/16 APPROVED MED REQ FOR CHEST X-RAY |
| 05/11/16- GUILTY PLEA B4 JONKER, CELLBLOCK PSI, RTN TO 7PK |
| 11/09/16 PAROLING FROM MDOC ON 12/7/16 |

## II. CUSTODY INFORMATION

| Custody 1 | CUSTODY START DATE: 12-17-2015 | | END DATE: | |
|---|---|---|---|---|
| **CUSTODY STATUS** | **OFFICE** | **START DATE** | **END DATE** | **REMARK** |
| WT-CASE-RESOLVE | 040 | 12-17-2015 | 09-22-2016 | |
| WT-MOVE | 040 | 09-22-2016 | 10-11-2016 | |
| RL-STATE | 040 | 10-11-2016 | 12-07-2016 | PAROLE VIOLATION |
| WT-DESIG | 040 | 12-07-2016 | | PAROLING FROM COOPER ST ON J&C DETAINER. |

| Court Case 1 | Federal Court City | Judge | US Attorney | Defense Attorney |
|---|---|---|---|---|
| 1:16-CR-00008 | MI/W GRAND RAPIDS | JONKER, ROBERT | BAKER, STEPHEN | HOWARD, SARAH |

| | ARREST DATE | ARRESTING AGENCY | ARREST LOCATION | WARRANT NUMBER |
|---|---|---|---|---|
| **Arrest** | 12-17-2015 | FEDERAL BUREAU OF INVESTIGATION | MUSKEGON, MI | |

| | OFF CODE | OFFENSE | REMARKS | DISPOSITION |
|---|---|---|---|---|
| **Offense** | 3530 | Cocaine - Sell | | Guilty |

| | SENTENCE DATE | SENTENCE | APPEAL DATE | DURATION |
|---|---|---|---|---|
| **Sentence** | 09-20-2016 | Prison - Other | | 180 Month(s) 6 Year(s) Supervision Fine: $2000.00 Assessment: $100.00 |

| Reduced Sentence | SENTENCE DATE | REDUCED SENTENCE | APPEAL DATE | DURATION | |
|---|---|---|---|---|---|
| **COURT CASE STATUS** | **START DATE** | **END DATE** | **REMARKS** | | |
| WHCAP | 12-17-2015 | 09-21-2016 | | | |
| CASE-RESOLVED | 09-21-2016 | 09-21-2016 | | | |
| **INST** | **INSTITUTION NAME** | **ADMIT** | **RELEASE** | **BOARDED** | **ACTION OR DISPOSITION** |
| 7PK | Newaygo Co Jail | 12-17-2015 | 10-11-2016 | 299 | |
| 7PK | Newaygo Co Jail | 12-07-2016 | | 1 | |
| | | | **TOTAL DAYS BOARDED:** | 300 | |

## III. MEDICAL CONDITION/TREATMENT HISTORY

| DATE SERVICE PROVIDED | VENDOR | SERVICE PROVIDED |
|---|---|---|
| | | |

*This Document Represents the most recent USM129 Data as of 11:58 AM 12/08/2016.*

Attachment 4

2015005731 dm

| STATE OF MICHIGAN<br>60th JUDICIAL DISTRICT<br>14th JUDICIAL CIRCUIT | MOTION/ORDER<br>OF NOLLE PROSEQUI | 2015-066732-FH<br>CCR-MNP<br>NOT PROPOSED<br>DISTRICT: 15-171766-FY<br>CIRCUIT: 15-066732-FH |

| District Court ORI: MI610025J<br>990 Terrace Street, Muskegon, MI 49442 231-724-6283 | Circuit Court ORI: MI610015J<br>990 Terrace Street, Muskegon, MI 49442 231-724-6251 |

|   | | Defendant name, address, and telephone no. |
|---|---|---|
| THE PEOPLE OF<br>THE STATE OF MICHIGAN | v | **Darrel Christopher Hunt<br>1918 Commerce<br>MUSKEGON, MI 49441** |

| CTN<br>61-15005731-01 | SID | DOB<br>12/25/1970 |

| COUNT | CRIME | CHARGE CODE(S) |
|---|---|---|
| I | DEL. OF CONTROLLED SUBSTANCE 50-449 GRAMS 2ND OFFENSE | 333.74012A3; 333.74132-A |
| II | DEL. OF CONTROLLED SUBSTANCE 50-449 GRAMS 2ND OFFENSE | 333.74132-A |
|  | HABITUAL 4TH | 769.12 |
|  |  |  |
|  |  |  |

**Motion**

DALE J. HILSON _____ prosecuting official, moves for a nolle prosequi in this case for the following reason(s):

DEFENDANT TO BE INDICTED FEDERALLY.

01/07/2016
Date

Prosecuting Official, P57726

**ORDER**

IT IS ORDERED:

[ X ] 1. Motion for nolle prosequi is granted and the case is dismissed without prejudice.
[   ] 2. Motion for nolle prosequi is granted as to the following charge(s) which are dismissed without prejudice.
_____

[   ] 3. Motion for nolle prosequi is denied.
[   ] 4. Defendant shall be immediately discharged from confinement in this case.
[   ] 5. Bond, if posted, is cancelled and shall be returned after costs are deducted.
[   ] 6. Bond/Bail is continued.

JAN - 8 2016
Date

Judge

If item 1 is checked the clerk of the court shall send a photocopy of this order to the Michigan State Police Central Records Division to delete this criminal history record as required under MCL 769.16a.

TO THE DEFENDANT: By law, your fingerprints, arrest card, and description will either be destroyed or returned to you by the Michigan State Police within 60 days of the date of this order. If you do not receive your fingerprints, arrest card, and description within 60 days of the date of this order, you may choose to contact the Michigan State Police to verify that the prints, card, and description were destroyed.

Attachment 5

AO 245B (MIWD Rev. 01/13)- Judgment in a Criminal Case

# United States District Court
## Western District of Michigan

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|

-vs-

Case Number: 1:16-CR-08-01

DARRELL CHRISTOPHER HUNT

USM Number: 20051-040

Sarah Riley Howard
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to the Indictment.

☐ pleaded nolo contendere to Count(s) ___ , which was accepted by the court.

☐ was found guilty on Count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offense(s):

| **Title & Section** | **Offense Ended** | **Count No.** |
|---|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 851 | 9/13/15 | |

Nature of Offense

Possession With Intent to Distribute Unspecified Quantities of Cocaine and Heroin

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: September 20, 2016

Dated:  ____September 21, 2016____  /s/ Robert J. Jonker _____
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE

AO 245B (MIWD Rev. 01/13)- Judgment in a Criminal Case

Judgment    Page 2
Defendant: DARRELL CHRISTOPHER HUNT
Case Number: 1:16-CR-08-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **one hundred eighty (180) months**.

☒       The Court makes the following recommendations to the Bureau of Prisons:

- That the defendant receive a substance abuse assessment and treatment.
- That the defendant receive educational and vocational training opportunities.
- That the defendant be placed as close as possible to his family in the West Michigan area.

☒    The defendant is remanded to the custody of the United States Marshal.
☐    The Defendant shall surrender to the United States Marshal for this district:
    ☐    at _____ on _____.
    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐    before 2:00 P.M. on _____.
    ☐    as notified by the United States Marshal.
    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By: _____
Deputy United States Marshal

Attachment 6

## Michigan Department of Corrections

## Offender Movement Report

**MDOC Nbr.:** 495019

**Report Date:** 01/26/2018

**Offender Name:** HUNT, DARRELL

**From:** 10/20/2011

**To:** 7/17/2017

| Date | Movement Reason | From | To |
|------|-----------------|------|----|
| 07/17/2017 | Transfer Between Offices in Michigan | PAROLED IN CUSTODY | Ingham/Lansing/Central Office |
| 12/07/2016 | Paroled in Custody | COOPER STREET FACILITY | PAROLED IN CUSTODY |
| 11/02/2016 | Transfer In ... Institutional or Caseload | CHARLES EGELER RECEPTION AND | COOPER STREET FACILITY |
| 11/02/2016 | Transferred Out ... Institutional or Caseload | CHARLES EGELER RECEPTION AND | COOPER STREET FACILITY |
| 10/11/2016 | Returned as Parole Technical Rule Violator | Muskegon/Muskegon/Parole/REP | CHARLES EGELER RECEPTION AND |
| 01/15/2016 | Held Under Custody | Muskegon County Sheriff's Department | Newaygo County Sheriff's Department |
| 09/13/2015 | Held Under Custody | Muskegon/Muskegon/Parole/REP | Muskegon County Sheriff's Department |
| 12/09/2014 | First Parole | BELLAMY CREEK CORRECTIONAL F/ | Muskegon/Muskegon/Parole/REP |
| 09/19/2013 | Transfer In ... Institutional or Caseload | CHARLES EGELER RECEPTION AND | BELLAMY CREEK CORRECTIONAL F/ |
| 09/19/2013 | Transferred Out ... Institutional or Caseload | CHARLES EGELER RECEPTION AND | BELLAMY CREEK CORRECTIONAL F/ |
| 08/20/2013 | New Commitment - Probationer w/ New Sentenc | 14th Circuit Court - Muskegon County | CHARLES EGELER RECEPTION AND |
| 10/20/2011 | Intake | 14th Circuit Court - Muskegon County | Muskegon/Muskegon/Probation |

Attachment 7

MICHIGAN DEPARTMENT OF CORRECTIONS

**PAROLE VIOLATION: NOTICE AND PLEA**

CSJ-133
REV. 06/10
4835-3133

| MDOC Nbr.<br>495019 | Name<br>HUNT, DARRELL CHRISTOPHER | Location<br>CHARLES EGELER RECEPTION<br>AND GUIDANCE CENTER | Date<br>10/14/2016 |
|---|---|---|---|

## Violations

| Count | Plea | Charge |
|---|---|---|
| 1 | Guilty by Plea | 03 On or about September 13, 2015, you left the State of Michigan without prior written permission of your field agent. You went to Chicago, Illinois. |
| 2 | Guilty by Criminal Conviction | 04 On or about September 13, 2015 you were involved in behavior which constitutes a violation of State Law.  You were in possession of Heroin. |
| 3 | Guilty by Criminal Conviction | 04 On or about September 13, 2015 you were involved in behavior which constitutes a violation of State Law.  You were in possession of Cocaine. |
| 4 | Dismissed by OFP for Cause | 04 On or about September 13, 2015 you had in your possession a controlled substance namely, Cocaine. |
| 5 | Dismissed by OFP for Cause | 04 On or about September 13, 2015 you had in your possession a controlled substance namely, Heroin. |

Hearing Waived on Counts:  1,2,3

Proceed on Counts:  N/A

Counts Dismissed:  N/A

Parolee Requests Adjournment:  [ ] Yes (if yes, attach signed form)      [x] No

**Waiver:** I agree that I have violated the following **conditions** of my parole  03,04
and hereby waive my right to a hearing before a Board member or hearing officer to determine whether a violation of parole has occurred. I understand that I am waiving the right to be represented by an attorney, to testify at the hearing, to present relevant evidence, to confront and cross-examine adverse witnesses, and to present any relevant evidence in mitigation of the charges. I understand that the Parole & Commutation Board will consider my signature below as an admission to a parole violation and will make a final determination which may range from a return to parole to a continuance.

**Parolee Comments (optional): In regards to count 1 Hunt states he went to Chicago to be with his daughter. She was having a baby shower.**
**In regards to count 2 and count 3.  He was sentenced to 180 months, followed by 6 years federal supervision.**

_____DH_____          _____10/14/2016_____
Signature of Parolee                                              Date

By: __JG_____          __10/14/2016_____
      Employee Signature                                       Date

495019  -  HUNT, DARRELL CHRISTOPHER
01/26/2018  15:10:57                                                                    Page 1 of 1

MICHIGAN DEPARTMENT OF CORRECTIONS

CA-129

**PAROLE VIOLATION PREHEARING SUMMARY AND RECOMMENDATION**

Rev 02/02

| MDOC Nbr. | Name | Prefix | Age | Assault Risk | Property Risk | Parole Term |
|---|---|---|---|---|---|---|
| 495019 | HUNT, DARRELL CHRISTOPHER | B | 45 | VL | M | 12/09/2014 - 03/09/2018 |

## ARRAIGNMENT DATA

| Arraignment Date | Arraigned By | Arraignment Location |
|---|---|---|
| 10/14/2016 | GOLIGHTLY, JASON M | CHARLES EGELER RECEPTION AND GUIDANCE CENTER |

## ACTIVE SENTENCES

| Sentence Date | Offense | Min | Max | Cal Min | AMI/RGT Min | AMX/RGT Max | PMI/SGT Min | PMX/SGT Max |
|---|---|---|---|---|---|---|---|---|
| 07/30/2013 | Controlled Substance-Delivery/Manf., Nar/Coc <50 Grams | 1y - 8m | 42y | 12/09/2014 | | | 12/09/2014 | 04/09/2055 |

## VIOLATION CHARGES

| Count | Plea/Finding | Violation Charge |
|---|---|---|
| 1 | Guilty by Plea | 03 On or about September 13, 2015, you left the State of Michigan without prior written permission of your field agent. You went to Chicago, Illinois. |
| 2 | Guilty by Criminal Conviction | 04 On or about September 13, 2015 you were involved in behavior which constitutes a violation of State Law.  You were in possession of Heroin. |
| 3 | Guilty by Criminal Conviction | 04 On or about September 13, 2015 you were involved in behavior which constitutes a violation of State Law.  You were in possession of Cocaine. |
| 4 | Dismissed by OFP for Cause | 04 On or about September 13, 2015 you had in your possession a controlled substance namely, Cocaine. |
| 5 | Dismissed by OFP for Cause | 04 On or about September 13, 2015 you had in your possession a controlled substance namely, Heroin. |

**Parolee's Comment:**
In regards to count 1 Hunt states he went to Chicago to be with his daughter. She was having a baby shower.
In regards to count 2 and count 3.  He was sentenced to 180 months, followed by 6 years federal supervision.

**Conclusions:**
Mr. Hunt reports he is in good physical health and he reports no mental health concerns at this time. He reports he has support from his wife, kids, and grandkids. He reports he would be able to live with his wife at 1918 Commerce St. in Muskegon, MI 49441.

Based on the statements of the parolee there is factual basis to accept a guilty plea to counts 1,2,3.

Mr. Hunt is serving on his "B" prefix- Controlled Substance Del/Manf Nar/Coc <50grams 1y8m-42y. PMX-04/09/2055.  He paroled on 12/09/2014 to a 15 month parole term. COMPAS- V 1 R 3.

According to the field agent, subject's adjustment to parole prior to this violation appeared to be good.  Subject completed CBR, which was ordered by the parole board, and completed his aftercare outpatient substance abuse treatment.  Subject reported as instructed and was in compliance with all conditions.

Mr. Hunt has 15 years to serve in the Federal Prison system, followed by 6 years supervised release. A continuance is recommended at this time, with consideration for a discharge to his Federal Detainer.

**Recommendations:**
Continue

MICHIGAN DEPARTMENT OF CORRECTIONS

PAROLE VIOLATION REPORT

CFJ-110-A

Rev. 6/01

| INSTITUTION: | MDOC Nbr.: | NAME (Last, First) | REPORT DATE: | PREPARED BY: | PHONE: |
|---|---|---|---|---|---|
| Muskegon/Muskegon /Parole/REP | 495019 | HUNT, DARRELL CHRISTOPHER | 10/03/2016 | TRAVIS W ROSEMA | (231) 728-3926 |

| TYPE OF REPORT: | | | RECOMMENDATION: |
|---|---|---|---|
| | TECHNICAL | SUPPLEMENTAL | Defer Parole Violation Decision, Reinstate Parole and Discharge |
| X | FELONY | SPECIAL INVESTIGATION | |

| VIOLATION DATE: | ACTION WHICH CONSTITUTED VIOLATION ON THIS DATE: | ARREST DATE: |
|---|---|---|
| 09/12/2015 | 03 - Not leave state | 09/13/2015 |

| DATE AVAILABLE: | PLACE OF CUSTODY: |
|---|---|
| 9/21/16 | Newaygo County Jail |

| DISTRIBUTION: | | | | | |
|---|---|---|---|---|---|
| PAROLE TERM: 12/09/2014 | TO 03/09/2018 | PMX: | 04/09/2055 | AMX: | |

| SUPERVISION LEVEL: | Warrant Status | RISK LEVELS: | Property Risk Middle/Assaultive Risk Very Low |
|---|---|---|---|

## SUPPLEMENTAL PAROLE VIOLATION REPORT

## NARRATIVE OF ADDITIONAL VIOLATIONS

**Availability:** Subjcet became available to the MDOC on 9/21/16.

**Court Information:** In regards to docket 1:16-CR-08-01, Possession with intent to distribute unspecified quantities of Cocaine and Herion, the United States District Court Western District of Michigan sentenced the subject to 180 months prison (15 year), followed by 6 years federal supervision.

## RECOMMENDATION

Subject took a plea deal in Federal Court for 180 months prison followed by 6 years supervision.

Due to the lengthy sentence imposed by the federal court this agent recommends our decision be deferred to the federal court and that he be reinstated and discharged from supervision.

Rev. JF 10/3/2016

Attachment 8

**MDOC**
Department of Corrections

MICHIGAN.GOV

Michigan's Official Web Site

Michigan.gov Home | Contact MDOC | OTIS Help | MDOC's Most Wanted | Glossary | Disclaimer | MDOC Home

## BIOGRAPHICAL INFORMATION



**DARRELL CHRISTOPHER HUNT**

MDOC Number: **495019**

SID Number: **2214161J**

Name: **DARRELL CHRISTOPI**

Racial Identification: **Black**

Gender: **Male**

Hair: **Black**

Eyes: **Brown**

Height: **5' 11"**

Weight: **258 lbs.**

Date of Birth: ▬▬▬ **(45)**

Image Date: 10/11/2016

## MDOC STATUS

Current Status: Parolee

Assigned Location: <u>Paroled In Custody</u>

Security Level:

Supervision Begin Date: 12/07/2016

Supervision Discharge Date: 03/07/2018

Date Paroled: 12/07/2016

## ALIASES

DARREL C. HUNT

DARREL CHRISTOPHER HUNT

DARRELL HUNT

DARRELL C HUNT

DARRELL CHRISTOPHER HUNT

## MARKS, SCARS & TATTOOS

Scar- Lower Right Arm

Scar- Upper Right Arm

## PRISON SENTENCES

### ACTIVE

#### Sentence 1

| | | | |
|---|---|---|---|
| Offense: | Controlled Substance-Delivery/Manf., Nar/Coc <50 Grams | Minimum Sentence: | 1 year 8 months 0 days |
| MCL#: | <u>333.74012A4</u> / <u>769.12</u> | Maximum Sentence: | 42 years 0 months |
| Court File#: | 13063375-FH-F | Date of Offense: | 04/11/2013 |
| County: | Muskegon | Date of Sentence: | 07/30/2013 |
| Conviction Type: | Plea | | |

### INACTIVE

#### Sentence 1

| | | | |
|---|---|---|---|
| Offense: | Controlled Substance-Delivery/Manf., Nar/Coc <50 Grams | Minimum Sentence: | 1 year 0 months 0 days |
| MCL#: | <u>333.74012A4</u> / <u>769.11</u> | Maximum Sentence: | 30 years 0 months |

|  |  |  |  |
|---|---|---|---|
| Court File#: | 04049819-FH-A | Date of Offense: | 11/19/2003 |
| County: | Muskegon | Date of Sentence: | 06/01/2004 |
| Conviction Type: | Bench | Discharge Date: | 04/09/2010 |
|  |  | Discharge Reason: | Offender Discharge |

### Sentence 2

|  |  |  |  |
|---|---|---|---|
| Offense: | Controlled Substance-Delivery/Manf., Nar/Coc <50 Grams | Minimum Sentence: | 1 year 0 months 0 days |
| MCL#: | 333.74012A4 / 769.11 | Maximum Sentence: | 30 years 0 months |
| Court File#: | 04049820-FH-A | Date of Offense: | 01/15/2004 |
| County: | Muskegon | Date of Sentence: | 06/01/2004 |
| Conviction Type: | Bench | Discharge Date: | 04/09/2010 |
|  |  | Discharge Reason: | Offender Discharge |

### Sentence 3

|  |  |  |  |
|---|---|---|---|
| Offense: | Weapons - Firearms - Possession by Felon | Minimum Sentence: | 1 year 0 months 0 days |
| MCL#: | 750.224F / 769.11 | Maximum Sentence: | 10 years 0 months |
| Court File#: | 04049820-FH-A | Date of Offense: | 01/15/2004 |
| County: | Muskegon | Date of Sentence: | 06/01/2004 |
| Conviction Type: | Bench | Discharge Date: | 04/09/2010 |
|  |  | Discharge Reason: | Offender Discharge |

### Sentence 4

|  |  |  |  |
|---|---|---|---|
| Offense: | Weapons - Felony Firearms | Minimum Sentence: | 2 years 0 months 0 days |
| MCL#: | 750.227BA / 769.11 | Maximum Sentence: | 2 years 0 months |
| Court File#: | 04049820-FH-A | Date of Offense: | 01/15/2004 |
| County: | Muskegon | Date of Sentence: | 06/01/2004 |
| Conviction Type: | Plea | Discharge Date: | 04/09/2010 |
|  |  | Discharge Reason: | Offender Discharge |

### Sentence 5

|  |  |  |  |
|---|---|---|---|
| Offense: | Weapons - Felony Firearms | Minimum Sentence: | 2 years 0 months 0 days |
| MCL#: | 750.227BA / 769.11 | Maximum Sentence: | 2 years 0 months |
| Court File#: | 04049820-FH-A | Date of Offense: | 01/15/2004 |
| County: | Muskegon | Date of Sentence: | 06/01/2004 |
| Conviction Type: | Plea | Discharge Date: | 04/09/2010 |
|  |  | Discharge Reason: | Offender Discharge |

## PROBATION SENTENCES

### ACTIVE

None

### INACTIVE

#### Sentence 1

|  |  |  |  |
|---|---|---|---|
| Offense: | Police Officer - Assault/Resist/Obstruct | Minimum Sentence: |  |
| MCL#: | 750.81D1 / 769.12 | Maximum Sentence: | 2 years 6 months |
| Court File#: | 1160681-FH | Date of Offense: | 05/26/2011 |
| County: | Muskegon | Date of Sentence: | 11/29/2011 |
| Conviction Type: | Plea | Discharge Date: | 07/30/2013 |
|  |  | Discharge Reason: | Probation Violator Tech |

#### Sentence 2

|  |  |  |  |
|---|---|---|---|
| Offense: | Police Officer - Fleeing - Fourth Degree | Minimum Sentence: |  |
| MCL#: | 750.479A2 / 769.12 | Maximum Sentence: | 2 years 6 months |

| | | | |
|---|---|---|---|
| Court File#: | 1160681-FH | Date of Offense: | 05/26/2011 |
| County: | Muskegon | Date of Sentence: | 11/29/2011 |
| Conviction Type: | Plea | Discharge Date: | 07/30/2013 |
| | | Discharge Reason: | Probation Violator Tecl |

## SUPERVISION CONDITIONS

01 - Contact agent no later than first business day after release

02 - Must not change residence

2.1 - Complete Sub Abuse or Re-Entry Program as referred by agent

2.2 - Substance abuse assessment

03 - Must not leave state

04 - Not engage in any behavior that constitutes a violation

4.2 - Written Consent to Search Parolee's person and/or property

4.3 - Must reside at (location) when paroled

4.16 - Obey all court orders

05 - Comply with alcohol and drug testing ordered by field agent

06 - Not associate with anyone you know to have a felony record

07 - Must not own or possess a firearm

7.5 - State Costs

08 - Must not own, possess or use any object as a weapon

09 - Make earnest efforts to find and maintain employment

10 - Must comply w/special conditions, written and verbal orders

Attachment 9

MICHIGAN DEPARTMENT
OF CORRECTIONS

**CASE REPORT**

CFJ-104 (2/99)
4835-6140

| Number | Name | Report Prepared by | Date |
|--------|------|--------------------|------|
| 495019 | HUNT, DARRELL CHRISTOPHER | GENERAL TRANSFER<br>Muskegon/Muskegon /Parole/REP<br>985 E. Barney Street<br>Muskegon  49444-1708<br>(231) 728-3926 | 12/14/2016 |

| Type of Report | Distribution |
|----------------|--------------|
| Parole Orientation | Newaygo County Parole/Probation |

Mr. Hunt was paroled strait to custody and is in the Newaygo County Jail.  Subject is awaiting transfer to a federal prison but needs to be orientated to his State of Michigan parole.  Please provide an initial parole orientation to Mr. Hunt prior to being transferred to a federal prison.  Talking with the US Marshal's office on 12/14/2016, they did not have a hard date as to when he would be transfered.

Attachment 10



**STATE OF MICHIGAN**
**DEPARTMENT OF CORRECTIONS**
LANSING

RICK SNYDER
GOVERNOR

HEIDI WASHINGTON
DIRECTOR



Darrell Hunt, Fed.Reg.#20051-040
FCI-Terre Haute
PO Box 33
Terre Haute, IN 47808

Dear Mr. Hunt:

This letter is a response to your correspondence dated 8/03/2018.  The term of your parole was from 12/07/2016-03/07/2018.  You were given a 15 month parole by the Parole Board.  Unfortunately your file is no longer here in Lansing, so I am unable to get you a copy of the actual order.

I trust this answers your request.

Kim Ebnit
Michigan Dept of Corrections
Interstate Compact Unit
Grandview Plaza
PO Box 30003
Lansing, MI 48909

Attachment 11



**U.S. Department of Justice**
**Federal Bureau of Prisons**

_____

**Designation and Sentence Computation Center**

*U.S. Armed Forces Reserve Complex*
*346 Marine Forces Drive*
*Grand Prairie, Texas 75051*

July 27, 2018

The Honorable Robert J. Jonker
Chief United States District Court Judge
  for the Western District of Michigan
685 Federal Building
110 Michigan Street North West
Grand Rapids, Michigan 49503

**RE: HUNT, Darrel Christopher**
      Register Number: 20051-040
      Case Number: 1:16-CR-08-01

Dear Chief Judge Jonker:

On September 20, 2016, Darrell Christopher Hunt was sentenced
by the Court to a 180-month term of confinement for Possession With
Intent to Distribute Unspecified Quantities of Cocaine and Heroin.
At the time the federal sentence was imposed, Mr. Hunt was under
the primary jurisdiction of state authorities in Michigan, and in
federal custody pursuant to a Writ. The respective Judgment in a
Criminal Case was silent regarding any relationship with the
forthcoming action in state Court. Following sentencing, Mr. Hunt
was appropriately returned to state authorities and the U.S.
District Court Judgment was filed as a detainer.

On October 14, 2016, the State of Michigan revoked Mr. Hunt's
parole and he was sentenced to serve the remainder of his original
42-year total term of confinement based on the offenses of
Controlled Substance - Delivery/Manufacture (Narcotic or Cocaine)
Less Than 50 Grams in Case Number 13-063375-FH. The state
information in Bureau of Prisons (Bureau) records does not indicate
whether the state intended for this sentence to run concurrent or
consecutive to the federal sentence.

On December 7, 2016, Mr. Hunt's state obligation was
satisfied, and he released to the federal detainer to commence the
service of his federal sentence as provided by Title 18 U.S.C. §
3585(a).

Mr. Hunt has requested that his federal sentence be served concurrently with the state term, which would be accomplished by the Bureau designating the state institution for service of his federal sentence. Such action would thereby reduce the total amount of time spent in custody. In Setser v. United States, 566 U.S. 231 (2012), the United States Supreme Court held that the authority to order a federal sentence concurrent or consecutive with any other sentence rests with the federal sentencing Court.

Such a retroactive designation is made pursuant to Title 18 U.S.C. § 3621(b), if the federal sentencing Court Orders, recommends, or otherwise indicates the federal term is to be concurrent with the state term. The Bureau strives to administer sentences in accordance with federal statutes, Bureau policy, and the intent of the sentencing Court.

Should the Court indicate the sentence is to run concurrently with the state term, the Bureau will commence the sentence in the above judgment on the date of imposition, which will result in Mr. Hunt's release from custody on or about October 14, 2029. Should the Court indicate the term is to run consecutively to the state term, or provide no indication the term is to run concurrently, he will continue to a current projected release date of December 31, 2029.

Please advise us at your earliest convenience, as to the Court's position on a retroactive designation in this case. Should additional information be necessary, please contact Marcus Boudreaux, Correctional Programs Specialist, at 972-595-3189.

Sincerely,

John O'Brien
Chief

mfe
cc: Stephen P. Baker, AUSA
    Eric C. Hoffman, USPO

Attachment 12

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
685 GERALD R. FORD FEDERAL BUILDING
110 MICHIGAN STREET, NW
GRAND RAPIDS, MICHIGAN 49503

CHAMBERS OF
ROBERT J. JONKER
CHIEF DISTRICT JUDGE

TEL (616) 456-2551
FAX (616) 732-2703

July 31, 2018

John O'Brien, Chief
U.S. Department of Justice
Federal Bureau of Prisons
Designation and Sentence Computation Center
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, TX 75051

      Re:   **HUNT, Darrell Christopher**
             Register Number:  20051-040
             Case Number:  1:16-CR-08-01

Dear Chief O'Brien:

      Thank for your letter of July 27, 2018, regarding the federal sentence of Defendant Darrell Christopher Hunt. In particular, you ask whether the Court has any position on whether the BOP should retroactively designate a state institution where Defendant served time on a state conviction as a location for concurrent service of the federal sentence Defendant is now serving. I have reviewed the public record of the federal sentencing and find that the Court did not express any intention on this issue at the time of sentencing. Under these circumstances, I doubt whether the Court has any power now to affect the designation decision of the BOP. In any event, I believe the BOP should calculate the time of Defendant's federal sentence in this case, including any potential impact of the state custodial time, under the rules and policies the BOP normally applies.

      Thank your for your consideration.

Sincerely,

Robert J. Jonker
Chief United States District Judge

RJJ/ymc

cc:   Stephen P. Baker, AUSA
      Eric C. Hoffman, USPO



RECEIVE
AUG 0 6 2018
By

# Attachment 13

## *Factors Under 18 USC 3621(b)*
## *Worksheet*

**Inmate: Hunt, Darrell Christopher**        **Reg. No.:**    **20051-040**

### Factor (1) - the resources of the facility contemplated:

The inmate is in primary custody of the Bureau of Prisons and designated to FCI Milan.
(Security Level - Low)

### Factor (2) - the nature and circumstances of the offense:

Federal Offense - 21 USC §§ 841(a) and 851: Possession With Intent to Distribute Unspecified Quantities of Cocaine and Heroin.
Term - 180 months.

State Offense - Parole Violation. Original Term - 42 years.

Federal and State charges may be partially related in the PSI instant offense conduct.

### Factor (3) -the history and characteristics of the prisoner (to include institutional adjustment and prior criminal history):

Excluding the aforementioned state and federal convictions, the following convictions are listed within the Pre-Sentence Investigation Report: Possession of Cannabis(x4), Manufacture/Deliver Under 15 Grams of a Controlled Substance (Heroin), Traffic Offenses, Controlled Substance-Possession of Marijuana, Controlled Substance-Delivery/Manufacture (Narcotic or Cocaine) Less Than 50 Grams(x2), Weapons-Firearms-Possession by Felon, Felony Firearms, Habitual Offender-3rd Offense, Traffic Offenses, Controlled Substance Use-(Narcotic or Cocaine), Police Officer-Fleeing, and Police Officer-Assaulting, Resisting, Obstructing.

The BOP Disciplinary Record has been reviewed with the following conduct listed: Being Insolent to Staff Member and Lying or Falsifying Statement.

### Factor (4) -any statement by the court that imposed the sentence (to include no response from the judge:

The sentencing court was contacted to obtain an opinion regarding the granting of a retroactive designation in a letter dated July 27, 2018. The court responded in a letter dated July 31, 2018, without stating its position and further indicating the Bureau should calculate the federal sentence under its normal rules and policies.

### Factor (5) - Any pertinent policy statement issued by the Sentencing Commission pursuant to section 994 (a) (2) of title 28:

N/A

**Section Chief:** MANDEE EANES    Digitally signed by MANDEE EANES Date: 2025.05.29 10:13:19 -05'00'      **Date:** _____

       **Final Determination:**    Grant __      Deny ✕

**Comments:**

Based on a review of all factors under 18 USC § 3621(b).

**Note: If a retroactive designation is granted, the computation must be updated and reviewed for Willis/Kayfez credit.**

Attachment 14

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 14

      **c.  Prior Custody Time Credit.**  The SRA includes a new statutory provision, 18 U.S.C. § 3585(b), that pertains to "credit for prior custody" <u>and is controlling for making time credit determinations for sentences imposed under the SRA</u>.  Title
\* 18 U.S.C. § 3568, repealed effective November 1, 1987, as implemented by the <u>"Old Law" Sentence Computation Manual</u>, remains the controlling statute for all sentences imposed for offenses that occurred on or after September 20, 1966 up to November 1, 1987.

                                               \*

    <u>Statutory Authority</u>:  Prior custody time credit is controlled by 18 U.S.C. § 3585(b), and states, **"A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--**

          **(1) as a result of the offense for which the sentence was imposed; or**

          **(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;**

    **that has not been credited against another sentence."**

    <u>Definitions</u>:

\*     **Raw EFT:**  The Raw EFT for both a federal and non-federal sentence is determined by adding the total length of the sentence to be served to the beginning date of the sentence resulting in a full term date of sentence (**Raw EFT**) that does not include any time credit, e.g., presentence or prior custody time or good time.  (Inoperative time that may affect either the state or federal **Raw EFT** shall be referred to the RISA for assistance.)

Attachment 15

P.S. 5880.28
Page 1 - 20B
CN-02, July 29 1994

to be earlier than the DCB of the second sentence, then the combined jail time credit shall continue to be applied in full to both sentences.  Application of this rule is not intended to create a computation complication that would nullify the effect of the rule.

        If the concurrent second sentence has an EFT that is less and an SRD that is later (after application of any jail time credit belonging to the second sentence only) than the first sentence to commence (after application of any jail time credit belonging to the first sentence only), then the rule shall not apply and each sentence shall remain the same as if the other sentence did not exist and shall be treated as "standing alone."       *

      <u>6</u>   Time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time.  The primary reason for "writ" custody is not the federal charge.  The federal court merely "borrows" the prisoner under the provisions of the writ for secondary custody. (See Example: 4).

Attachment 16

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 31

   **e.**  **Multiple Sentences of Imprisonment.**  The statute that governs the manner in which multiple sentences of imprisonment may be imposed is 18 U.S.C. § 3584.

\*               (1)  Subsection (a) of Section 3584 states,

            **(a) Imposition of concurrent or
            consecutive terms.--If multiple terms of
            imprisonment are imposed on a defendant at
            the same time, or if a term of imprisonment
            is imposed on a defendant who is already
            subject to an undischarged term of
            imprisonment, the terms may run concurrently
            or consecutively, except that the terms may
            not run consecutively for an attempt and for
            another offense that was the sole objective
            of the attempt.  Multiple terms of
            imprisonment imposed at the same time run
            concurrently unless the court orders or the
            statute mandates that the terms are to run
            consecutively.  Multiple terms of
            imprisonment imposed at different times run
            consecutively unless the court orders that
            the terms are to run concurrently.**

                  The Bureau of Prisons interprets the phrase,
**"an undischarged term of imprisonment,"** as applying to any
lawfully imposed federal or state, local or foreign (non-federal)
sentence or revocation of a conditional release term (probation,
supervised release, parole, etc.).                            \*

                  The legislative history for this subsection
states that,

            **. . . if the court is silent as to whether
            terms of imprisonment imposed at the same
            time** (emphasis added) **are concurrent or
            consecutive, the terms run concurrently
            unless a statute requires that they be
            consecutive.  If, on the other hand, multiple
            terms of imprisonment are imposed at
            different times** (emphasis added) **without the
            judge specifying whether they are to run**

PS 5880.28
(CN-03) February 14, 1997
Page 1 - 32

**concurrently or consecutively, they will run
consecutively unless the statute specifies
otherwise.**

This subsection allows the court flexibility
in sentencing when multiple terms of imprisonment are imposed and
codifies the rules to follow if the court remains silent.

\*

Sentences that are imposed as the result of a
single trial on the counts within a single indictment are
considered to have been imposed at the same time, regardless of
whether they are imposed at different times on the same date or
on a later date.

Sentences that are imposed on the same date,
or on different dates, based on convictions arising out of
different trials, are considered to have been imposed at
different times even if the trials arose out of the same
indictment.

The court's sentencing flexibility, in
addition to applying to federal undischarged terms of
imprisonment, also extends to those prisoners who have non-
federal undischarged terms of imprisonment.

The court may, for a prisoner who is serving
a non-federal undischarged term of imprisonment while "on loan"
to the federal government under the jurisdiction of a federal
writ of habeas corpus ad prosequendum, impose the federal
sentence to run concurrently with, or consecutively to, the other
undischarged term of imprisonment.  Upon receipt of the judgment

Attachment 17

      PS 5800.07      Inmate Systems Management Manual (12/24/91)
      PS 5880.28      Sentence Computation Manual-CCCA (2/21/92)
      PS 5880.30      Sentence Computation Manual ("Old Law" Pre-
                      CCCA-1984) (7/16/93)
      PS 5880.32      District of Columbia Sentence Computation
                      Manual (1/23/01)
      PS 7300.09      Community Corrections Manual (7/22/98)

5.   **STANDARDS REFERENCED**

   a.  American Correctional Association 3rd Edition Standards for
Adult Correctional Institutions:  3-4093 and 3-4094

   b.  American Correctional Association 3rd Edition Standards for
Adult Local Detention Facilities:  3-ALDF-1E-02 and 3-ALDF-1E-03

   c.  American Correctional Association 2nd Edition Standards for
Administration of Correctional Agencies:  2-CO-1E-04 and
2-CO-1E-05

6.  **MCC/MDC/FDC APPLICATION**.  This Program Statement applies to pre-
trial and holdover inmates as indicated in subsequent sections.

7.  **STATUTORY AUTHORITY**.  Authority for designating a state
institution as the place to serve a federal term of imprisonment is
found in 18 U.S.C. § 3621(b), which states:

      **"The Bureau of Prisons shall designate the place of the
      prisoner's imprisonment.  The Bureau may designate any
      available penal or correctional facility that meets minimum
      standards of health and habitability established by the Bureau,
      whether maintained by the Federal Government or otherwise and
      whether within or without the judicial district in which the
      person was convicted, that the Bureau determines to be
      appropriate and suitable . . . ".**

   a.  For inmates who committed the underlying offense before
November 1, 1987, a similar provision is found in
18 U.S.C. § 4082(b) (repealed).

   b.  Federal judges have the authority to order a federal term of
imprisonment to run consecutively to or concurrently with any other
sentence.  When there is a previously imposed sentence (federal or
non-federal) in existence at the time of federal sentencing, and the
federal judge does not state whether multiple

terms of imprisonment are to run consecutively to or concurrently
with one another, the sentences run consecutively
(see 18 U.S.C. § 3584).  (This applies only to federal offenses
committed on or after November 1, 1987.)

c.  When a federal judge orders or recommends a federal sentence
run concurrently with a state sentence already imposed, the Bureau
implements such order or recommendation, ordinarily by
designating the state facility as the place to serve the federal
sentence.  <u>United States v. Hardesty</u>, 958 F.2d 910 (9th Cir. 1992).

d.  For federal offenses that occurred prior to
November 1, 1987, and there is a previously imposed sentence in
existence at the time of federal sentencing and the federal judge is
silent as to whether multiple terms run concurrently or
consecutively, the RISA will have to research the record and make a
determination regarding concurrency.

e.  No concurrent designation will be considered when statutory
language mandates consecutive service or the U.S. Sentencing
Guidelines require consecutive service.

f.  Authority for commencement of a sentence once a facility is
designated is found in 18 U.S.C. § 3585(a) and § 3568 (repealed).

18 U.S.C. § 3585(a), states,

**"A sentence to a term of imprisonment commences on the date
the defendant is received in custody awaiting
transportation to, or arrives voluntarily to commence
service of sentence at, the official detention facility at
which the sentence is to be served."**

18 U.S.C. § 3568, states in part,

**"The sentence of imprisonment of any person convicted of an
offense shall commence to run from the date on which such
person is received at the penitentiary, reformatory, or
jail for service of such sentence."**

g.  Just as the federal government has no authority to prescribe
when a state sentence will commence, the state has no authority to
order commencement of a federal sentence
(see 18 U.S.C. § 3585(a) & § 3568 (repealed)).

8.  **AUTHORITY FOR DESIGNATIONS.**  The Bureau's authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors.

■  A designation for concurrent service of sentence will be made only when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system.

a.  Exceptions to the general rules regarding concurrent designation may be based on the merits of a particular case.

Information reviewed will include:

■  inmate discipline history,
■  institutional adjustment,
■  recommendations of the Wardens at the state and federal institutions,
■  the recommendation of the prosecuting Assistant U.S. Attorney,
■  intent of the federal sentencing court, if available, and
■  any other pertinent information regarding the inmate.

b.  In the event of an "exception," the above information will be sent to the appropriate RISA who will coordinate a response.

The Regional Director is the final authority to determine exceptions.

9.  **CONCURRENT SERVICE OF FEDERAL AND STATE SENTENCES**

a.  Concurrent service of federal and non-federal sentences in a non-federal institution occurs when the Bureau designates a non-federal institution for service of the federal sentence. Ordinarily, the reason for selecting the non-federal institution is that primary custody resided with the non-federal jurisdiction and the federal sentencing court intended its sentence be served concurrently with the non-federal sentence.

b.  When an inmate is sentenced in both federal and state jurisdictions, care must be taken to ensure that he or she is suitable for federal designation.  Normally, designating a non-federal institution for the inmate is done when it is consistent with the federal sentencing court's intent.  Ordinarily, this intent is made known in one of the following ways:

(1)  **Court Order**.  The sentencing court orders, on the Judgment & Commitment Order or the Judgment in a Criminal Case (J&C), that the federal sentence be served concurrently with a state sentence. The court may make clear its intent by using language similar to:

- "Said sentence to run concurrently with the state sentence the defendant is presently serving."

- "Sentence to run concurrently with sentence imposed under Docket 168-88, San Diego County Court, on      May 14, 1988."

- "Sentence is hereby ordered to run concurrently with any other sentence presently being served."

- "Sentence to begin immediately."

(2)  **Court Recommendation of Non-Federal Confinement.**  The sentencing court recommends a non-federal institution as the place of confinement on the J&C.  Most J&Cs have a preprinted area for recommendations with language similar to: **"the court makes the following recommendations to the Bureau of Prisons..."**

If the inmate was in primary non-federal custody, (i.e., produced on writ), and the court uses the preprinted phrase and adds the name of a state institution, this will be accepted as a court recommendation for concurrent service.  This wording could also appear in the body of the J&C.

(3)  **Concurrent Service of Sentence After Imposition.**  The court may, from time to time, order concurrent service of the federal sentence at some time after its imposition.  This may occur when primary jurisdiction resided with the state and the court believed mistakenly that the inmate was in federal custody for service of the federal sentence on the date of imposition.

(4)  **Inmate Request**.  Occasionally, an inmate may request a nunc pro tunc (i.e., occurring now as though it had occurred in the past) designation.  As a result of the decision in      Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990), the Bureau considers an inmate's request for pre-sentence credit toward a federal sentence for time spent in service of a state sentence as a request for a nunc pro tunc designation.

(a)  In Barden, the court held that the Bureau must consider an inmate's request for concurrent service of the state and federal sentences.

- However, there is no obligation under Barden for the Bureau to grant the request by designating a state institution retroactively as the place to serve the federal sentence.

(b)  This type of request will be considered regardless of whether the inmate is physically located in either a federal or state institution.  Information will be gathered, if available,  to include:

- a copy of the federal and state J&Cs,
- the state sentence data record to include jail credit, and
- any other pertinent information relating to the federal and state sentences.

(c)  In making the determination, if a designation for concurrent service may be appropriate (e.g., the federal sentence is imposed first and there is no order or recommendation regarding the service of the sentence in relationship to the yet to be imposed state term), the RISA will send a letter to the sentencing court (either the Chambers of the Judge, U.S. Attorney's Office, and/or U.S. Probation Office, as appropriate) inquiring whether the court has any objections.  Regardless of where the original inquiry is directed, the U.S. Attorney's Office and U.S. Probation Office will receive a courtesy copy.

(d)  If, after 60 days, a response is not received from the sentencing court, the RISA will address the issue with the Regional Counsel and a decision will be made regarding concurrency.

(e)  No letter need be written if it is determined that a concurrent designation is not appropriate.  If the court has indicated previously that its language on judgments is sufficient for designation of a state institution for service of the federal sentence, then no further letters need be written.

When the original sentencing judge is no longer available and the assigned judge offers no opinion, the RISA will make a determination based on the particular merits of the case. (Refer to Section 8.a. for more information.)  The RISA will notify the inmate of the decision in writing and place a copy of this notification in the J&C file.

(f)  The Bureau will not allow a concurrent designation if the sentencing court has already made a determination regarding the order of service of sentence (e.g., the federal sentencing court ordered the sentence to run consecutively to any other

sentence, or custody in operation, during any time in which the inmate requests concurrent designation).

(5)  **State Request.**  Occasionally, a Regional Office receives a request from a state jurisdiction indicating that the state and federal sentences are to be served concurrently, whether by state court order or department of corrections referral.

(a)  The RISA will gather and review all information pertaining to the federal and state sentences.  After reviewing this information carefully, if necessary, the RISA will correspond with the federal sentencing court to ascertain whether it has any objections to the federal and state sentences running concurrently. A courtesy copy of this correspondence will be forwarded to the appropriate U.S. Attorney.  (The same procedures apply as outlined in subsections 4.c. and d., Inmate Request.)

(b)  If the court has no objections, the state institution may be designated as the place to serve the federal sentence concurrently with the state sentence, according to the procedures detailed in this Program Statement.

> **Note:**    The Bureau will not, under ordinary circumstances, such as overcrowding in a state institution, accept transfer of the inmate into federal custody for concurrent service.

10.  **RESPONSIBILITIES**.  The following procedures are to be used when a state institution is designated for the concurrent service of federal and state sentences.  (See the **Security Designation and Custody Classification Manual** for procedures when a federal inmate transfers from a federal to a non-federal institution for concurrent service of a federal and state sentence.)

a.  **Notification to Regional Director.**  The Regional Director, of the region where the state institution is located, will be notified of the federal court's order that the federal sentence run concurrently with the state sentence.  This notification will be received from the Community Corrections Manager (CCM).  The CCM forwards the Regional Office a copy of: