UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRELL HUNT,

              Petitioner,

v.                          Case No. 25-CV-11991
                                HON. MARK A. GOLDSMITH

ERIC RARDIN,

              Respondent,

_____/

**OPINION & ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

      Darrell Hunt, (Petitioner), currently incarcerated at the Federal Correctional Institution in Milan, Michigan, filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner challenges the Bureau of Prisons' (BOP) refusal to award him credit towards his federal sentence for the time Petitioner spent in state custody.

      For the reasons that follow, the petition for writ of habeas corpus is denied.

## I.  BACKGROUND

      In 2015, Petitioner was on parole with the Michigan Parole Board for his 2013 state conviction of delivery or manufacture of narcotics. (Dkt. 6-1, PageID. 53, 80). In the summer of 2015, law enforcement began investigating Petitioner for trafficking in cocaine and heroin. Investigators found money and approximately 100 grams of heroin, 300 grams of cocaine, and other narcotics in Petitioner's vehicle during a traffic stop. Petitioner was subsequently arrested on September 13, 2015, and a warrant was executed at his house, during which an additional 7.7 grams of cocaine was seized. United States v. Hunt, 1:16-cr-00008 (W.D. Mich. (Dkt. 1-1, PageID. 3-4).

Petitioner was initially charged in Muskegon County, Michigan with state drug violations. Those charges were dismissed by the state prosecutor when Petitioner was charged federally. Petitioner, however, remained in state custody on a parole violation detainer until he was temporarily transferred into federal custody to appear on a federal complaint pursuant to a writ on December 17, 2015. (Dkt. 6-1, PageID. 53).

On January 12, 2016, Petitioner was indicted by a federal grand jury for possessing with intent to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Petitioner pleaded guilty and was sentenced to 180 months of custody in his federal case on September 20, 2016.  United States v. Hunt, 16-cr-00008 (W.D. Mich.) (Dkt. 44).  Petitioner's conviction was affirmed on appeal. United States v. Hunt, 718 F. App'x 328 (6th Cir. 2017).

Petitioner remained in federal custody on a writ from the state until October 11, 2016, when he was returned to state custody to resolve his parole violation. In October 2016, Petitioner's parole in his state case was revoked and he was ordered to serve the remainder of his state sentence, originally 20 months to 42 years, in prison. The State of Michigan considered the date of Petitioner's arrest on September 13, 2015, as the start date of his parole violation sentence. Petitioner remained in state custody until December 7, 2016, when he was released to a 15-month term of parole supervision. Petitioner was released over to federal custody on December 7, 2016, and began serving his federal sentence. (Dkt. 6-1, PageID. 54, 78, 84).

On July 27, 2018, the BOP asked the sentencing court judge whether he had a position on whether Petitioner's federal sentence should be run concurrent or consecutive to his state sentence. (Dkt. 6-1, PageID. 55, 88-89). The sentencing judge responded that he had taken no position and indicated that the BOP should calculate the sentence under its normal procedures and policies. (Id. at PageID. 55, 91). The BOP thus determined that the defendant was not entitled to a retroactive

designation of the state facility as his place of federal incarceration, otherwise known as a <u>nunc pro tunc</u> designation. (<u>Id.</u>, PageID. 55).

Petitioner seeks habeas relief, claiming he is entitled to credit against his federal sentence from the time of his arrest on September 13, 2015 through to his sentencing date.

## II.  ANALYSIS

The United States Attorney General, not a federal court, has the authority to compute sentencing credits for the time that a defendant spends in detention prior to sentencing. <u>United States v. Wilson,</u> 503 U.S. 329, 335 (1992); <u>McClain v. Bureau of Prisons,</u> 9 F.3d 503, 505 (6th Cir. 1993).  However, a federal district court may grant a prisoner claiming the miscalculation of sentencing credits relief under § 2241. <u>Id.;</u> <u>See also United States v. Dowell,</u> 16 F. App'x 415, 420 (6th Cir. 2001).

18 U.S.C. § 3585 states in pertinent part:

(a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

(b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

(1) as a result of the offense for which the sentence was imposed; or
(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b) thus authorizes credit only for time "that has not been credited against another sentence." <u>United States v. Wilson,</u> 503 U.S. at 334.  Petitioner is not entitled to credit towards is federal sentence for the time that he was in custody between his arrest on September

3

13, 2015 and his release on parole on December 7, 2016 because he received credit on his state sentence for the time that he spent in custody between these two dates.

The Sixth Circuit has rejected claims on numerous occasions under § 3585(b) where the federal prisoner received credit against a state sentence for the time claimed. See, e.g., Woody v. Marberry, 178 F. App'x 468, 471 (6th Cir. 2006) (federal prisoner not entitled to credit towards federal sentence for time spent in state custody on a detainer awaiting sentencing on a probation violation); See also Bridgeman v. Bureau of Prisons, 112 F. App'x 411, 413 (6th Cir. 2004) (habeas petitioner, convicted in both federal and state court for bank robbery, was not entitled to federal sentencing credit for the time that he was in federal custody awaiting his federal trial, and serving his state sentence, where petitioner received credit on his state sentence for the time period in question); Suaza v. Department of Justice, 14 F. App'x 318, 319 (6th Cir. 2001) (same).

The fact that Petitioner was turned over from state officials to the U.S. Marshal's Service on a writ of habeas corpus ad prosequendum on December 17, 2015 does not alter the Court's conclusion that Petitioner is not entitled to sentencing credits in this case, because Petitioner remained in the primary custody of the State of Michigan during these time periods. See Broadwater v. Sanders, 59 F. App'x 112, 113-114 (6th Cir. 2003).  The federal sentence of a prisoner does not begin to run when a prisoner, like Petitioner who is in state custody, is produced for prosecution in federal court pursuant to the federal writ of habeas corpus ad prosequendum. United States v. White, 874 F.3d 490, 507 (6th Cir. 2017) ("When a State sends a prisoner to federal authorities pursuant to such a writ, 'the prisoner is merely "on loan" to the federal authorities,' with the State retaining primary jurisdiction over the prisoner.") (internal quotation omitted). Thus, although Petitioner was brought into federal custody on a writ, he was still in primary state custody and was credited for that time on his state sentence. White, 874 F.3d at 507.

4

Petitioner is not entitled to habeas relief because he is asking for double credit on his sentence, which is prohibited by statute.

In certain cases, "the BOP may exercise its discretion to effectuate a state court order regarding concurrent sentencing by retroactively designating the state prison as a prisoner's place of federal confinement." Ruff v. Butler, No. 16- 5565, 2017 WL 5135545, at *2 (6th Cir. June 16, 2017) (citing Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1990)).  This is referred to as a nunc pro tunc or Barden designation and is applicable "when a person subject to a federal sentence is serving a state sentence." Setser v. United States, 566 U.S. 231, 235 (2012).  The BOP has the discretion to "designate the state prison as the place of imprisonment for the federal sentence— effectively making the two sentences concurrent—or decline to do so—effectively making them consecutive." Id. The BOP has issued a program statement that outlines eligibility for such a designation. BOP Program Statement 5160.05. The BOP considers the factors set forth in 18 U.S.C. §3621(b) when determining whether to retroactively designate a state prison as the prisoner's place of federal confinement. Wahid v. Williams, No. 19-3851, 2020 WL 5412791, at *1 (6th Cir. Aug. 13, 2020).

The BOP must consider a request for nunc pro tunc designation but it is under no obligation to grant the request. Ruff, 2017 WL 5135545, at *2 (noting that courts cannot grant a habeas petition merely because they would weigh factors differently, the "writ may issue only where an error is fundamental and carries a serious potential for a miscarriage of justice").

In Petitioner's case, the BOP properly analyzed and weighed the § 3621 factors when determining that Petitioner was ineligible for a retroactive designation. The BOP considered Petitioner's criminal history, his disciplinary record while in custody, the nature and circumstances of the federal and state offenses, and the resources of the facility. The BOP also took note of the

fact that Petitioner's sentencing judge did not express an intention for Petitioner to be sentenced concurrently with his old state sentence. (Dkt. 6-1, PageID. 55, 91, 93). These factors demonstrate that the BOP did not abuse its discretion in denying Petitioner a retroactive designation. Dotson v. Kizziah, 966 F.3d 443, 446 (6th Cir. 2020) (finding no abuse of discretion where the BOP properly consulted the federal sentencing judge and considered the other pertinent factors including the seriousness of the offenses and the defendant's criminal history).

Moreover, Petitioner cannot use the nunc pro tunc designation to get around the rules prohibiting double credit. See Cooper v. Batts, No. 21-5828, 2022 WL 4009862, at *3 (6th Cir. Aug. 25, 2022) (finding that BOP properly determined defendant's sentence by refusing to credit time that was served on a state sentence since defendant was prohibited "from receiving 'improper double credit'"); DeJesus v. Zenk, 374 F. App'x 245, 247 (3d Cir. 2010) (finding no error in BOP's decision that defendant was not eligible for nunc pro tunc designation prior to the date of his federal sentence where it was undisputed that defendant's time prior to imposition of the federal sentence "was credited to his state sentence"). Petitioner is not entitled to habeas relief on his claim.

### III. CONCLUSION

The petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is denied. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, Witham v. United States, 355 F. 3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition. The Court grants Petitioner leave to appeal in forma pauperis because any appeal would be taken in good faith. See Foster v. Ludwick, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

**SO ORDERED.**

Dated: November 13, 2025                          s/Mark A. Goldsmith
Detroit, Michigan                                 MARK A. GOLDSMITH
                                                  United States District Judge

## **CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 13, 2025.

                                                  s/Joseph Heacox
                                                  JOSEPH HEACOX
                                                  Case Manager